MoKinney, J.,
delivered the opinion of the court.
This action was brought to recover from Mrs. Whyte the amount expended by the corporation in the construction of a foot pavement in front of the lot occupied by her as a residence.
It appears that, on the 27th of October, 1848, a notice was served on Mrs. Whyte, signed by S. Y. D. Stout, “ chairman of the street committee,” requiring her to make a pavement in front of said lot, on or before the 30th of November ensuing; and informing her that on failure to do so, said pavement would be made pursuant to the laws of the corporation, and the amount paid therefor charged against the owner of said lot.
Mrs. Whyte disregarded this notice, and the corporation, in April, 1850, proceeded to have the pavement made, the cost of which amounted to three hundred and twenty-eight dollars and- seventeen cents.
*366 Tbe lot, in front of which the pavement in question was made, was part of the estate of the late Judge Whyte, .who died in 1844, and was assigned to the plaintiff in error, who is widow, as part of her dower of said estate, by a decree of the chancery court at Franklin in October, 1846, and has been occupied by her ever since.
The charter of incorporation confers upon the “Mayor and Aldermen of the town of Nashville,” power to regulate foot pavements and side walks in the streets of said town; and further provides that “if the owner or owners of lots shall fail to eorrvply with the provisions of such ly-la/ws, witlwn suoh time as may he prescribed thereby,” the corporation may contract for the construction of such side walks or pavements, and the amount paid shall constitute a charge against the owner or owners of the lots to be recovered against them by suit.
The by-law of the corporation, for carrying into effect the foregoing provision of the charter, provides for the appointment, by the Mayor, at the first meeting in each year, of a standing committee, to be known as the street committee, consisting of six aldermen; and it is made the duty of this committee, among others, to see that the foot pavements and side walks are properly constructed.
The by-law requires that all owners of lots, within the limits of the corporation, shall cause good and substantial foot pavements, to be made of brick or suitable stone, in front of their lots.
And the third section of said by-law, provides, “ that if the owner or owners of lots, or their agents, or any of them, shall fail to comply with the provisions *367 of this act, after tlwrtry dmji notice, it stall be the duty of the chairman of the street committee for the time being, and he is hereby authorized to contract with some suitable person, for the construction of said side walks or pavements, and cause the- same to be made and paid for by the corporation; and the amount so paid shall constitute a charge against the owners of said lot or lots as aforesaid, to be recovered against them by suit.
Upon the foregoing statement, arise the only questions which we think necessary to be considered in the case. .
And first: Is the plaintiff in error, as tenant in dower, subject to the charge sought to be enforced against her in this action and for which a recovery was had against her in the circuit court?
The law in terms makes the charge and gives the action against the ovmer of the lot. And the position assumed is, that as the life interest of the tenant in dower and the reversion constitute the different portions of one estate, and as the improvement enures equally to the benefit of the reversion, this charge cannot be thrown wholly upon the owner of the life estate; that if the latter can be made liable at all, it can only be conjointly with those in whom the reversion is vested.
This position we think untenable. The widow, it is true, has no estate in the lands of which her husband died seized, until assignment of her dower. On the death of her husband, the title descends to the heir, who has the undivided seizin until dower is assigned; but upon this being done, the widow becomes seized of a freehold estate in the portion allotted to her. The fee simple, it is true, remains in the heir, and *368 although, in point of tenure, the doweress bolds of tbe heir or reversioner, yet her claim is paramount to the heir. Her estate is a continuation of that of her husband. The assignment does not pass the estate, but ascertains the portion to be allotted as dower; and upon such assignment being duly made, in intendment of law, the doweress is in by relation from her husband’s death, and is in of the seizin, not of the heir, which by the assignment is defeated db wviim, but of the seizin of her husband; 4 Kent’s Com., 61, 69. And, although, for some purpose, the dower interest and the reversion may be regarded as one estate, yet in general they are treated as distinct estates.
The tenant in dower is seized of a freehold estate for life, which, with some qualification, must necessarily be subject to all the incidents of other estates for life.
The general rule is, that the tenant for life, of an estate charged with an incumbrance is bound in equity to keep down the interest, out of the rents and profits. The object of the rule is to make every part of the ownership of real estate, bear a rateable part of an in-cumbrance thereon, and to portion the property equitably between the parties in interest, when there is a possession; and therefore the tenant for life is bound to contribute during the time of his enjoyment of the estate; 4 Kent’s Com., 73, 74.
The tenant for life, upon the same principle, is bound, out of the rents and profits, to keep down all incidental charges upon the land which accrue during the continuance of his estate, as for repairs, taxes and the like; 2 Boav. Inst., 229.,
So inflexible is this rule, that, in England, a private act of Parliament must be obtained, to enable the tenant *369 for life to charge tbe inheritance for the amount of necessary repairs and improvements, which must enure to the benefit of the reversioner or remainderman; Chitty’s Bl. Com., boot 2, 346, marg., note 2.
In principle, the tenant of the life estate must necessarily be subject to a charge of the character of that in question in the present case, as much as for taxes and other incidental charges. And there is nothing peculiar to a tenancy in dower to distinguish it, in this respect, from other estates of freehold for life; standing in the place of her husband, in respect to the portion of the land assigned her in dower, the doweress must necessarily be held subject to the charges, duties and services to which the estate may be properly liable; she is seized of the freehold, and is, properly speaking, owner of the estate to the extent of the assignment in dower. When the charge is upon the entire estate of which the husband died seized, the doweress is, of course, only bound for one-third part of it, because she takes only a third part of the estate; but where, as in the case under consideration, the charge falls exclusively upon a part of the estate which has been assigned in dower, she is separately and exclusively liable .for its discharge.
2. The power of the legislature to confer upon the corporation the authority exercised in the enactment of the' by-law in question, is denied. This cannot be regarded as an open question. In the case of Mayberry vs. The Corporation of Franklin, 6 Humph., 368; and again in Washington vs. The Mayor and Aldermen of Nashville, 1 Swan, 177, the constitutional power of the legislature to confer such authority, -was declared-; to which cases we refer, without repeating the argument.
*370 3. The remaining question is, whether, in the present (jase, the power conferred, upon the corporation has been exercised in conformity with the law of its creation. The power to charge the owner with the cost of a pavement made by the corporation, is restricted not only by the terms of the act of incorporation, but likewise by the very purpose for which it was bestowed. The provision of the statute is, “that if the owner or owners of lots shall fail to comply with the provisions of such by-laws within such time as may be prescribed thereby, the corporation may contract,” &e. By this provision, no notice is contemplated other than that to be conveyed by the promulgation of a general law of the corporation, applicable to, and operating upon all owners of lots within the limits of the corporation, requiring foot pavements to be made, and prescribing the time within which they shall be made. Such a law, thus promulgated, is notice of itself to all lot owners within the corporation; and, if reasonable in its terms, must be complied with by all at their peril.
The by-law under consideration, requiring pavements to be made by the owners, does not prescribe any time within which Such pavements shall be constructed; but as a substitute for this requirement of the charter, enacts that, if the owner or owners of lots shall fail to comply with the provisions of the by-law, after thirty days’ notice, the chairman of the street committee may contract, &c. As to the manner of giving such notice, or by whom it shall be given, the by-law is perfectly silent; but the practical construction and operation of the law is, as it seems, that the chairman of the street committee, without any order or resolution of the board of mayor and aldermen, either *371 general or special, gives tbe notice to particular individuals in default. In other words, the notice, instead of emanating from the board of mayor and aldermen, as a general requirement, approved by the judgment and discretion of the persons in whom, by the charter, the power and trust are confided, it proceeds, as it would seem, from an irresponsible individual unknown to the charter, and upon whom even the by-law confers no such authority. This is an exercise of the power conferred upon the corporation, wholly unwarranted by the act of incorporation. We do not say that it was not competent to the corporation, instead of prescribing a time in the by-law for making pavements, to provide that they should be made upon reasonable notice; but then some further specific action of the corporation would become indispensable, directing that, such notice should be given, and in what manner.
If the corporation ever possessed the power to delegate to an individual member or members thé authority to determine what particular owners of lots should be required to construct pavements, and to give notice accordingly, it might suffice to say that this has not been done by the law under consideration. But we do not admit that the corporation possesses any such power. It can admit no doubt that an ordinance or by-law of the corporation, requiring particular individuals, by name, to construct pavements in front of their lots, passing by others -who had omitted to do so, would be a nullity. Such an enactment would be partial, oppressive and wholly unauthorized. And if this could not be done directly, it cannot be done indirectly in the manner attempted in the case before us. The power conferred upon the corporation is in trust for the benefit of all the citizens of the town, *372 and must be exercised with, discretion; and it must be exercised by tbe persons upon whom, by tlie act of incorporation, it is conferred; by themselves or under their express directions, as in other cases of personal confidence and trust, when judgment and discretion are required or relied on; Angelí & Ames on Colorations, 346, 257. By-laws must be reasonable; and all such as are unequal, oppressive or manifestly unjust, are void: Ibid, 347. And whether a by-law is reasonable or not, is a question for the determination of the court; Ibid, 357.
It is unquestionably true that, in addition to the incidental powers and capacities tacitly conferred by law upon a corporation, there may also be implied powers, in order to carry into effect the powers expressly granted, or to effect the purposes of its creation; but when the corporation is endowed, by its charter, with power to make a specific by-law in a certain case, and for a certain purpose, its power of legislation is restricted to the case and object specified, and all others being excluded by implication; Ibid, 323. Here the power imparted to the corporation, and the manner of its exercise, are expressly defined in the statute and must be strictly pursued.
The result is, that the notice given to. the plaintiff in error was unauthorized and a nullity, and therefore she cannot be charged with the sum expended by the corporation in. making the pavement in question.
Judgment reversed.