4L 671
14L 340
2pi 659
3pi 334

S. H. JARMAN, Ex'rs, *v.* R. F. JARMAN's HEIRS.

1. DOWER. *Homestead. Dissent from will.* A widow is entitled
to dower or homestead where her husband makes provision for
her, by will, in either personal property or real estate, or both,
and dies insolvent, without formal dissent in court, as provided
for in section 2404 of the Code.

2. SAME. The law presumes the testator to be at the time of his
death the owner of the property bequeathed to his wife, and
will allow to the widow the right of the same presumption, and
she is also entitled to the informal dissent given by operation
of law.

3. SAME. The fact that a small portion of the bequest has not been
absorbed in the payment of debts will not change the rule above
laid down—nor that in addition to the bequest there was a de-
vise of land, for an exhaustion of the personal property may
necessitate a sale of the land to pay debts.

Jarman *v.* Jarman.

4. SAME. The language—"a provision in personal estate "—does not preclude the idea of a provision in realty also.

5. HOMESTEAD. By law the homestead vests in the husband and wife jointly and 's a life estate. Upon the death of either it vests in the survivor. Neither has the right to dispose of it except with the consent of the other, and then only in the mode prescribed by law

6. SAME. The right of the wife is fixed during coverture, and is only lost by her voluntary alienation or abandonment, or by death.

FROM HARDEMAN.

Appeal from the Chancery Court at Bolivar. H. J. LIVINGSTON, Ch.

WOOD & McNEAL for Complainants.

F. FENTRESS for the estate of Miller.

JESSE NORMENT for Widow.

TURNEY, J., delivered the opinion of the Court.

R. F. Jarman, by his will, gave to his wife, R. S. Jarman, a large real and personal estate. The widow did not formally dissent. The estate of R. F. was indebted greatly beyond its value.

Two questions are presented: 1st, Is the widow entitled to dower? 2nd. Is she entitled to homestead? We answer both affirmatively. By section 2404 of the Code, it is provided: A widow may dissent from her husband's will—1. When a satisfactory provision in real or personal estate is not made for her, in which case she shall signify her dissent in open court within one year after

Jarman- *v.* Jarman.

the probate of the will. 2. When a provision in personal estate is made for her, but the whole of the husband's property, including the bequest, is taken for the payment of his debts, in which case, without any formal dissent, she may sue for dower. And in both cases she shall be endowed as if her husband had died 'intestate." These two divisions of the one section provides for a dissent, the one formal and by the act of the widow, the other informal and by operation of law. In the first case, it is presumed there will be nothing to interfere with the rights of the widow under the will, that the estate being unembarrassed by debt, she is at liberty to calculate for herself the advantages and disadvantages to herself by holding under the terms of the will, or by formally dissenting and taking that share of the husband's estate the law gives in case of his intestacy. By second division or ground of dissent it is intended to provide for the widow at all events, and not subject her to the chances of being pauperized by the insolvency (to her unknown) of the husband's estate.

The law presumes the testator to be at the time of his death the owner of the property bequeathed by his will, and will allow to the widow the rights of the same presumption. The fact that the husband has made apparently ample provision for her will of itself cause her to rest contentedly upon the faith of its certainty and security, and will not only repel but positively prohibit,

the idea of the insolvency of the estate, and consequent loss to her. The bequest is to her an assurance by the husband of his ability as well as desire to give her the property, therefore she will make no inquiry or investigation. By the second division the failure of the bequest because of debts is in terms made a dissent by the wife so far as to enable her to sue for dower. It declares that in such case, without any *formal dissent,* she may sue, etc. * * In other words, she is not required to dissent in open court, but may signify her dissent by suit, and is not limited to twelve months, as by the first section. The concluding paragraph "And in both cases she shall be endowed as if her husband had died intestate," makes this construction the more manifestly right as the words "in both cases" have reference to the two acts of the wife signifying dissent.

The provisions are embraced in a single section of the Code, the causes for dissent specified by 1 and 2, and under the introduction, "A widow may dissent from her husband's will," followed by specifications of the two grounds.

The fact that a small portion of the bequest has not been exhausted in the payment of debts, will not change the rule, as creditors may at any time subject that remnant to debts. In the opinion of the writer even if after the payment of debts a portion of the bequest remained, but by comparison with the entire amount was inconsiderable, the widow's rights under the second division would

Jarman v. Jarman.

not be embarrassed. Nor can the fact that in addition to the bequest, there was a devise of real estate, affect her right to dower, when an exhaustion of the personal estate necessitates a sale of the realty to pay debts. It would be a strained construction of the law to hold that a devise of realty which fails for the same reason as does the bequest of personalty, will defeat the widow of every right contemplated by the statute. The language " a provision in personal estate " does not preclude the idea of a provision in realty also.

I can see no good reason why both may not exist, and still the statute have full force. The obvious intention of the Legislature was that the indebtedness of the husband to utter insolvency should not cut off the wife from her rights of property under the general law simply because he had died testate instead of intestate. The purpose of the testator was to make a better provision for the wife by will than the law makes without it. Then, if in ignorance of his financial condition, and with an anxious purpose to secure her comfort and independence, he attempts that which fails, must the charities of the law also fail? We think not. To so hold would be to declare that having undertaken to give more than he could, in justice to his creditors, give, the faultless woman shall have nothing, that the mistake of the husband shall be visited upon the wife, that she must suffer for his ignorance of his wealth.

By our law the homestead vests in the husband

and wife joinily; and is a life estate; upon the death of either it vests in the survivor. Neither has the right to dispose of it except with the consent of the other by will or otherwise, and then only in the mode prescribed by statute. The right of the wife is fixed during coverture, and is only lost by her voluntary alienation or abandonment, or by her death.

The decree will be reversed as to the dower, and affirmed as to homestead, and the cause remanded for allotment.