Shepperson v. Burnette.

SHEPPERSON *et al. v.* BURNETTE.

*(Nashville.* December Term, 1905.)

1. **UNLAWFUL DETAINER.** Lies only where defendant enters by contract.

An action of unlawful detainer will not lie unless the defendant, or one under whom he claims, entered by contract.

Code cited and construed: Sec. 5093 (S.); sec. 4075 (M. & V.); sec. 3344 (T. & S. and 1858).

2. **SAME.** Same. "Tenant" defined.

The word "tenant" in the section of the Code defining the action of unlawful detainer has reference to the relation of landlord and tenant, and that section applies alone to one who occupies the relation of tenant as thus defined, or to one claiming under such tenant.

See Code cited under headnote 1.

Act cited: 1821, ch. 14, sec. 5.

Case cited: Lane v. Marshall, Mart & Yerg., 255, 259.

3. **SAME.** Same. Same. Case in judgment.

An action of unlawful detainer will not lie by remaindermen against an assignee of the tenant by the curtesy holding over after the expiration of that estate.

---

FROM BEDFORD.

---

Appeal from the Circuit Court of Bedford County.— JOHN E. RICHARDSON, Judge.

T. R. MYERS, for Shepperson et al.

T. H. GREER, for Burnette.

MR. JUSTICE NEIL delivered the opinion of the Court.

This was an action of unlawful detainer, brought orig-
inally before a justice of the peace of Bedford county,
and from his judgment appealed to the circuit court of
the county, where it was tried before Judge Richardson
without the intervention of a jury. The following facts
were agreed upon by the parties, viz.:

On November 12, 1860, Silas Pratt and wife conveyed
to Jane Sutton, wife of Alfred Sutton, the land in con-
troversy. Jane Sutton died over thirty years ago. At
that time she and her husband were living upon the land
mentioned and occupying it as their home. The plain-
tiffs are the children of Sutton and wife. In 1877 Alfred
Sutton, the husband, conveyed the land to Flem Bur-
nette. The latter died about twenty years ago, leaving
the defendant Amanda Burnette as his widow. She has
been occupying the place since that time, paying taxes
and claiming as the widow of Flem Burnette. Alfred
Sutton died August 12, 1903.

The present action was brought on the 3d of December,
1904.

It is conceded, and the facts furnished the legal basis
for the conclusion, that Alfred Sutton was tenant by the
curtesy of the land. No question of the statute of limita-
tions is made, or could be made, since it appears that

the suit was brought within less than two years after the death of the life tenant. The only question considered in the court below, and the only question argued here, is whether a suit of unlawful detainer by the heirs of Jane Sutton would lie under the facts stated.

His honor held that it would not lie, and we are of opinion that his judgment was correct. The soundness of this conclusion will be apparent from the following considerations:

Under Shannon's Code, sec. 5093, unlawful detainer is thus defined:

"Unlawful detainer is where the defendant enters by contract, either as tenant or as assignee of a tenant, or as personal representative of a tenant, or as subtenant, or by collusion with a tenant, and, in either case, willfully and without force, holds over the possession from the landlord, or the assignee of the remainder or reversion."

It is perceived that one essential element of the definition is that the defendant or the one under whom he claims must have entered by contract. In the present case it appears, as already stated, that Alfred Sutton was tenant by the curtesy. Flem Burnette took such rights as he had, and no more. The same is true of the widow of Burnette, the present defendant. Tenancy by the curtesy is an estate for life created by the act of the law. The law vests the estate in the husband immediately upon the death of the wife without entry. 4 Kent, Comm., marg. pp. 27, 29. So it appears that neither the estate was created nor was possession secured

by contract.   Hence an action of unlawful detainer could not lie by the remaindermen against an assignee of the tenant by the curtesy holding over after the expiration of that estate.

Again, it is manifest from the language of the section which we have quoted that it applies alone to one who occupies the relation of tenant, or the assignee of a tenant, or the personal representative of a tenant, or a subtenant, or one holding by collusion with the tenant, and that the word "tenant" here has reference to the relation of landlord and tenant, and not the more remote meaning which the word "tenant" bears as used in the expressions "tenant by the curtesy," "tenant in common," and the like.

This point is brought out more clearly when we note that the section quoted was drawn from section 5 of the original act of 1821 (Acts 121, c. 14), and when we observe the changes which were made when the Code section was prepared.

Section 5 of the original act read as follows:

"If any tenant or tenants for term of life or lives, year or years, or other person or persons, who are or shall be in possession of any lands, tenements, or hereditaments, by, from, or under, or by collusion with such tenant or tenants, shall willfully and without force hold over any lands, tenements, or hereditaments, after demand and notice in writing given for the delivery of the possession thereof by his, her or their landlord or landlords, lessor or lessors, or the person or persons to whom

the remainder or reversion of such lands, tenements or hereditaments shall belong, his, her, or their agent or attorney, thereunto lawfully authorized, then such person or persons so holding over shall be guilty of an unlawful detainer." See Caruthers & Nicholson's Comp. St., p. 342.

This same section is reproduced, in substance, in the case of *Lane* v. *Marshall,* Mart. & Y., 255, 259.

Under this section, as it appears in the original act, there can be no doubt that the action would run against a tenant by the curtesy, and this seems to have been the understanding, as appears from the case last cited. It is apparent, however, that when the Code section was prepared the feature of the original act pertaining to life tenants was designedly omitted, and the scope of the action thereby very much narrowed.

It results that the judgment of the court below must be affirmed.