MORRIS WESTMORELAND, et al. v. A. T. FARMER, et al.

Middle Section.   January 7, 1928.

386

Thos. S. Myers, of Chattanooga, for plaintiffs in error, Farmer, et al.

S. P. Ralston, of Jasper, for defendants in error, Westmorelands, et al.

CROWNOVER, J. This action is not properly styled. It should be styled A. T. Farmer, et al., plaintiffs in error, v. Morris Westmoreland, et al., defendants in error, as the plaintiff below recovered a judgment.

This was an action of unlawful detainer, brought by the Westmorelands originally before a Justice of the Peace of Marion county, for the possession of an unfenced boundary of land, and carried by certiorari to the circuit court, where it was tried by the judge without the intervention of a jury, and resulted in a judgment for the plaintiffs below. The defendants' motion for a new trial was overruled, to which they excepted, and have appealed in error to this court.

The facts necessary to be stated are, that W. P. Westmoreland, the father of plaintiffs below, purchased 386 acres of land in Marion county in the year 1911, and took deed describing the whole body of land by metes and bounds as one tract; but the land was originally two tracts lying adjacent to each other, held under separate deeds while owned by Westmoreland's grantor. One of the tracts was enclosed and in cultivation, and the other tract, described in the writ now in controversy, was not enclosed, but several houses were located thereon. W. P. Westmoreland took possession, moved upon and cultivated the fenced portion, rented out the house on the unfenced portion and collected the rents up until his death eight or ten years ago. Upon his death the plaintiffs below, as his heirs, took possession, lived on and cultivated the fenced portion, and rented out the houses on the unfenced portion, until the houses were destroyed a few years ago, but, at the time this action was instituted, there were no buildings on the unfenced portion, the tract described in the writ, except one old store building in bad state of repair, and it is not shown whether that building was then being actually rented out. They exercised rights of ownership over said unfenced portion by cutting timber and grazing cattle, and claimed that their possession during all the time, had been open, notorious and adverse.

The defendants below claimed title to the unfenced tract, as heirs at law of their deceased father, Asa Farmer, who obtained a

grant from the State of Tennessee in 1887, in which grant said tract was described by metes and bounds, but it appears that neither Asa Farmer nor the defendants below as his heirs, ever took possession of said land, or exercised the rights of ownership over it until within three weeks before the institution of this action, when the defendants entered upon said tract and put up a tent for the purpose of living there in order to work a mine located nearby, with the avowed intention of claiming title and of establishing possession; whereupon this action of unlawful detainer was brought with the result above stated.

The plaintiffs in error have assigned several errors, but only two propositions raised can be considered by this court; (1) That the action of unlawful detainer does not lie under the facts of the case, as there was no evidence of a contractual relationship between the parties; and, (2) That the plaintiffs below were not in the possession of the land in controversy at the time of the defendants' entry and detainer. The other assignments go to a consideration of the preponderance of the evidence, and are not good in this court.

We are of opinion that the first assignment above stated is well made, as the action of unlawful detainer will not lie unless the defendants, or one under whom they claim, entered by contract. See Shepperson v. Burnette, 116 Tenn., 117, 92 S. W., 762; Fine v. Lawless, 139 Tenn., 160, 201 S. W., 160.

In the form of the warrant set out by statute the complaint is made "of a certain forcible and unlawful entry and detainer." (Shannon's Code, 5098). It is provided that "The warrant need not set forth the particular species of entry or detainer, but may be in the form given in the last section in all cases," defects subject to amendment (Shannon's Code, 5099); and, "The Justice will try every case upon its merits without regard to matters of form, and ascertain whether the plaintiff or defendant is entitled to the possession," and give judgment accordingly, without inquiring into the merits of the title. (Shannon's Code, 5103).

A written complaint or declaration, aside from the warrant or summons, is not necessary, unless required by the trial judge. See, Settle v. Settle, 10 Humph., 504; Butcher v. Palmer, 1 Heisk., 431; White v. Suttle, 1 Swan, 169.

Hence we think that any of the species of the actions of entry or detainer may be prosecuted under the one form of the warrant set out by statute, Shannon's Code, 5098, but if the party does not follow the form prescribed, which is comprehensive, but brings one of the particular actions of entry or detainer defined by the statute, then by all the rules of pleading he is confined to that particular action and must make out his case. If he brings one action and the proof shows that he is entitled to relief only under another, then he must be confined to the case made out in the pleadings, and cannot recover

by reason of the variance. See, Foster v. Jackson, 8 Bax., 434; Coal Company v. Daniel, 100 Tenn., 65, 42 S. W., 1062.

This rule has been observed in proceedings before Justices of the Peace. It is true that the courts do not require that technical accuracy in proceedings before Justices of the Peace that is demanded of courts of record, yet it is required that some general statement of the cause of action be made. See, Martin v. Edwards, 11 Humph., 374; Shepperson v. Burnette, supra.

This question of variance was properly raised by motion to dismiss after the evidence was in, but was overruled by the court. 22 Ency. Plead. and Practice, 636.

Hence we hold that this assignment is good as the plaintiffs below failed to show that the defendants entered by contract. In fact, all the proof shows that the defendants entered without the consent of the plaintiffs below. The plaintiffs must make out the case, in order to recover.

Under the second assignment, above set out, it is insisted that the plaintiffs were not in the possession of the tract described in the writ at the time of the entry and detainer, as the defendants' father had obtained a grant for this portion in 1887, long before it was consolidated with the fenced tract in 1911, and that therefore actual possession of the enclosed contiguous tract under the deed of 1911 was not a constructive possession of the unfenced tract as against the defendants, who had acquired rights before the consolidation of the tracts. We are of the opinion that the contention is well made in so far as the possession of the tract enclosed operated as constructive possession of the contiguous tract. See, Round Mountain Lumber & Coal Co. v. Bass, 136 Tenn., 687, 191 S. W. 341. Cutting timber and grazing cattle are not sufficient to constitute possession. See, Stockley v. Cissna, 119 Tenn., 135, 104 S. W., 792.

But one of the plaintiffs below proved, ''that they had had possession of the land since the death of their father, W. P. Westmoreland, some eight or ten years ago, and that he, the father, had had possession since the taking of the deed.'' No objection was made to this statement and it was not qualified in any manner. He was not cross-examined on the subject.

The rules relating to the weight and sufficiency of evidence in forcible entry and detainer actions are the same as those in other civil actions, and the rules as to the admission of evidence of possession are the same as those of proof of adverse possession, as the possession in such cases must be actual or constructive, adverse, and in most instances exclusive. See, 26 C. J., 817, 857, 861; Round Mountain Lumber Co. v. Bass, supra.

The doctrine of adverse possession is to be taken strictly, and must be made out by clear and positive proof, and not by inference;

every presumption being in favor of the possession in subordination to the title of the true owner. See, Drewery v. Nelms, 132 Tenn., 254, 177 S. W., 946; Zucarello v. Erwin, 2 Tenn. App. Rep., 497; Coal Co. v. Coppinger, 95 Tenn., 526, 32 S. W., 465; Elliott v. Holder, 3 Head, 698.

Ordinarily, a witness may be permitted to state who was in possession of the property, as the question of possession involves more than the expression of a conclusion. It is a statement of a fact that may be known by an ordinary observer. See 22 C. J., 534; Iler v. Miller, 78 Neb., 675, 14 L. R. A. N. S., 289; 17 Cyc., 224.

However, aside from the question of the competency of evidence of possession upon proper exceptions, in this case, the witness was permitted to make the unqualified statement that the plaintiffs were in possession without being cross-examined at all. The parties have a right to try their case on evidence not of the quality or character required by law, and where such evidence is admitted without objection, it is the right and duty of the court or jury to give it the same consideration as if it were legal evidence; but, of course evidence intrinsically destitute of probative quality acquires no new attribute in point of weight by its production in the case. See, 23 C. J., 39-40. The unqualified statement that the plaintiffs were in possession, without more, is evidence of possession, and it is our duty, on appeal, to take as true the strongest, legitimate view of the testimony. See, Chattanooga etc. Co. v. Hargraves, 111 Tenn., 476, 78 S. W., 105; Davis v. Farris, 2 Tenn. App. Rep., 148; Swaggerty v. Stokely, 1 Swan, 39. Hence this and the other assignments of error must be overruled.

The first assignment of error having been sustained, it results that the judgment of the lower court must be reversed and the action dismissed. The costs of the cause, including the cost of the appeal is adjudged against the defendants in error, for all of which execution may issue.

Faw, P. J., and DeWitt, J., concur.