SUDDATH et al. v. BEATY et al.—267 S. W. (2d) 112.

Middle Section.   October 30, 1953.

Petition for Certiorari denied by Supreme Court, February 11, 1954.

Reagan, Neal & Craven, of Jamestown, for complainant.

Turner & Case, of Jamestown, for defendant.

HOWELL, J.   This is an ejectment case filed in the Chancery Court of Fentress County by E. W. Suddath, a resident of the State of Florida, against D. O. Beaty, Sr. and William Norris, residents of Fentress County.

The complainant alleges in this bill that he is the owner and entitled to the possession of a tract of land in Fentress and Morgan Counties, Tennessee, which is described with some exceptions. The number of acres in the original description and the acreage of the exclusion are not given in the description in the original bill.

The bill then alleges that the defendants are setting up claims to this land which constitute clouds upon complainant's title and are also maintaining an action of unlawful detainer against a tenant of complainant. The bill prays that the action of unlawful detainer be enjoined and that title and right to possession of the land be decreed to complainant.

An amended bill was filed in which judgment was confessed in the unlawful detainer case and the tenant of complainant Vincen Smith was made a party to the bill.

The defendants filed an answer in which they denied the material allegations of the bill.

After the filing of the original bill the defendant D. O. Beaty died and the case was revived against his executrix Ellen Beaty.

A jury was demanded and the case heard by the Chancellor and jury upon the entire pleadings and upon oral and documentary evidence.   At the close of the proof the defendants moved the Court to take the case from the jury and dismiss complainant's bill for several reasons, the first one of which is:

"Because the complainant had failed to deraign title from a Grant and had failed to show title to the land described in the original bill in any other manner."

After argument of counsel the Chancellor granted defendants' motion upon the first ground thereof, dismissed complainant's bill and ordered a reference as to the amount of damages sustained by the defendants by reason of the wrongful suing out of the injunction.

After proper procedure the case was appealed to this Court and errors have been assigned.

The question presented by the record and assignments of error is whether or not complainant showed such title to the land in question as entitled him to maintain an action in ejectment.

The complainant based his claim for title upon a deed from J. S. Cameron and wife to him, dated January 19, 1951, and recorded March 21, 1951, and a deed from C. P. Beaty and others to J. S. Cameron dated February 7, 1939, and recorded February 18, 1939, and a deed to G. W. Beaty by Isaac Stockton dated October 19, 1865 recorded February 4, 1901. The deed from G. W. Beaty and others to J. S. Cameron appears to be a deed from the heirs of C. P. Beaty. On the face of these deeds it would appear that the complainant had a record title to the land involved.

The record however, discloses that on January 8, 1907, G. W. Beaty and wife, Vice Beaty, conveyed the property to John A. Shellito by deed recorded on January 16, 1907. Thus it is seen that C. P. Beaty and others had no title at the time of the deed to J. S. Cameron on February 7, 1939.

Section 8582 of the Code of Tennessee is as follows:

"Seven years' adverse possession under assurance of title vests estate, when—Any person having had, by himself or those through whom he claims, seven years' adverse possession of any lands, tenements, or hereditaments, granted by this state or the State of

North Carolina, holding by conveyance, devise, grant, or other assurance of title, purporting to convey an estate in fee, without any claim by action at law or in equity commenced within that time and effectually prosecuted against him, is vested with a good and indefeasible title in fee to the land described in his assurance of title. But no title shall be vested by virtue of such adverse possession, unless such conveyance, devise, grant, or other assurance of title shall have been recorded in the register's office for the county or counties in which the land lies during the full term of said seven years' adverse possession."

It does not appear from the record that there was ever a grant from the State of Tennessee or the State of North Carolina and complainant insists that he has title to the land under the seven-year Statute of Limitations and a presumption of a grant. In the old case of Cannon v. Phillips, 34 Tenn. 211, the Supreme Court said:

"The doctrine of presumption of title rests upon the simple fact of long-continued use and enjoyment, and requires no aid from 'color of title.' Possession of land is prima-facie evidence of title; the law supposes that it had a legal origin, and when undisturbed for the period of twenty years, it becomes, in view of the law, an assurance of title of no less force or efficacy than the actual grant whose place it supplies. The presumption is not founded upon the idea that as a matter of fact a grant once existed, nor is it aided by the fact that the possession may have been held under some defective form of assurance: it rests alone upon a principle of public policy, to quiet the title of those who can show no other title than long-continued possession and use."

We are unable to find from the record that com-

plainant has shown that he and those through whom he claims have had adverse possession of the land in question for twenty years or more.

We do not deem it necessary to detail the evidence. The complainant had the burden of proving twenty years adverse possession of the land described in the bill and he has failed to do so. The evidence is not sufficient upon which to base a presumption of 20 years adverse possession.

In the case of Harrison v. Beaty, 24 Tenn. App. 13 on pages 18, 19, 137 S. W. (2d) 946, on pages 950, 952, this Court said:

"The doctrine of adverse possession is to be strictly construed, and must be made out by clear and positive proof and not by inference; every presumption being in favor of the possession in subordination to the title of the true owner. Westmoreland v. Farmer, 7 Tenn. App. 385; Drewery v. Nelms, 132 Tenn. 254, 177 S. W. 946; Coal & Iron Co. v. Coppinger, 95 Tenn. 526, 32 S. W. 465."

\* \* \* \* \* \*

"The possession must be hostile, with a claim of right and an intention to hold adversely, and must be exclusive. 11 Michie's Tenn. Dig., 2d Ed., 154, secs. 219-223; 3 Thompson on Real Property, 640, secs. 2521 to 2524. None of these elements were proven. The burden of proof was on complainants, and evidence of adverse possession is strictly construed, every presumption being in favor of the true owner. Buchanan v. Nixon, 163 Tenn. 364, 43 S. W. (2d) 380, 80 A. L. R., 151."

The complainant has failed to show a record title to the land in question. The record discloses that G. W. Beaty

acquired title by deed from Isaac Stockton dated 1865 and recorded in 1901. It also appears that G. W. Beaty and wife conveyed the property to John A. Shellito in 1907, so that when C. P. Beaty and others as heirs of G. W. Beaty conveyed to Cameron and wife in 1939, they did not have title thereto.

It results that the assignments of error are overruled and the decree of the Chancellor is affirmed.

The case will be remanded to the Chancery Court of Fentress County for the execution of the decree of that Court.

The appellants will pay the costs.

Felts and Hickerson, JJ., concur.