IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
February 23, 2021 Session

## WILLIAM MAURICE WEST, JR. v. JULIE A. WEST

**Appeal from the Circuit Court for Knox County**
**No. C-18-123818        Kristi M. Davis, Judge**

_____

### No. E2020-00780-COA-R3-CV

_____

A decedent's son brought an action for unlawful detainer against the decedent's widow in general sessions court in an effort to take possession of property left to the son in the decedent's will. After the general sessions court dismissed the son's case, he requested a de novo appeal in circuit court. The son prevailed in the circuit court proceeding, and the widow appealed. Because the widow did not occupy the property pursuant to a landlord-tenant contract, the son does not have a cause of action for unlawful detainer. We, therefore, conclude that the circuit court erred in awarding possession of the property to the son. The judgment of the circuit court is reversed and the case is remanded for entry of an order of dismissal.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed and Remanded**

ANDY D. BENNETT, J., delivered the opinion of the Court, in which JOHN W. MCCLARTY and THOMAS R. FRIERSON, II, JJ., joined.

David A. Lufkin, Knoxville, Tennessee, for the appellant, Julie A. West.

Stephen Kent Garrett, Corryton, Tennessee, for the appellee, William Maurice West, Jr.

### OPINION

FACTUAL AND PROCEDURAL BACKGROUND

Billy Maurice West died in May 2013, leaving Julie Ann West ("Widow"), his surviving spouse, and William Maurice West, Jr. ("Son"), his son by a prior marriage and his only other heir. Although Widow was initially named the personal representative pursuant to the most recent will, Son filed a will contest based on an earlier will that was executed in 2003. The probate (chancery) court ultimately admitted the earlier will to

probate and Son was appointed the personal representative. The 2003 will devised the property where the decedent and Widow had lived ("the Property") to Son.

Son filed a detainer warrant against Widow in general sessions court in 2016. Widow filed a request for continuance and a motion to dismiss. In her pleadings, Widow raised the pendency of the will contest and her petition for the right of homestead in the Property. According to Widow, the parties agreed to place the detainer action on hold. Son acknowledges that the parties entered into such an agreement but asserts that the conditions of the hold had occurred prior to his filing of the second detainer warrant (described below) and that any such agreement was rescinded by his counsel's letter of May 2, 2018.

On May 9, 2018, Son filed a second detainer warrant against Widow in general sessions court, and Widow filed a petition for writ of certiorari and supersedeas, citing both detainer cases. The general sessions court dismissed both pending detainer warrants on June 19, 2018. Son filed a de novo appeal in circuit court, and Widow filed a "renewed" motion to dismiss. On October 17, 2018, the trial court entered a judgment of possession in favor of Son. Widow filed a motion for new trial or to alter or amend the judgment on November 7, 2018.

On November 29, 2018, the chancellor in the estate case determined that Widow's petition for assignment of homestead and right to elective share (filed in January 2018) was timely filed and that Widow was, therefore, entitled to pursue her rights as surviving spouse. Widow filed a copy of the chancellor's opinion and order with the circuit court on December 12, 2018. The circuit court entered an order on December 18, 2018, denying Widow's motion for new trial or to alter or amend the judgment.

In Widow's first appeal, this Court issued an opinion in March 2020 vacating the trial court's decision and remanding for the issuance of sufficient findings of fact and conclusions of law. *See West v. West*, No. E2018-02277-COA-R3-CV, 2020 WL 1488582, at *5 (Tenn. Ct. App. Mar. 26, 2020). On remand, the trial court entered an order on April 23, 2020, titled Findings of Fact, Conclusions of Law, and Judgment. The court found that Son was entitled to possession of the property by virtue of the probate court order "validat[ing] the will that gives him ownership of the property." Further, the court determined, "The fact that [Widow] is seeking to elect against the will and obtain a homestead exemption and elective share does not grant her a right to possession of the property." Son was granted a judgment of possession. The court also ruled that, because of its decision, Widow's pending "fiat" (requesting a release of the appeal bond she had posted) was moot. Widow filed a motion to amend, for a new trial, or to alter and amend the judgment, and the trial court denied the motion by order entered on June 3, 2020. Widow appeals.

In this appeal, Widow raises a number of issues: (1) whether the trial court had jurisdiction in this matter; (2) whether Son had standing to file this litigation in an individual capacity; (3) whether the detainer filings and their appeal to the trial court were a collateral attack on the exclusive jurisdiction of the probate division of the chancery court; (4) whether the trial court violated Tenn. R. Civ. P. 12 and Widow's due process rights by failing to allow her the requisite time to file an answer after the court denied her motion to dismiss; (5) whether the trial court violated Tenn. Rs. Civ. P. 62.01 and 62.02 by not allowing a full thirty days to appeal or file further pleadings after its December 14, 2018 decision on the judgment of possession; and (6) whether the trial court violated Widow's due process rights by refusing to release her cash bond filed in the first appeal after this court vacated the trial court's judgment and taxed the costs of the first appeal to Son.

ANALYSIS

Widow argues that the general sessions court was without jurisdiction to decide the case because Son's complaint(s) did not state a cause of action for unlawful detainer. We have determined that this issue is determinative and requires reversal of the trial court's decision.

The determination of whether a court has subject matter jurisdiction is a question of law. *Northland Ins. Co. v. State*, 33 S.W.3d 727, 729 (Tenn. 2000). Subject matter jurisdiction addresses "a court's power to adjudicate a particular case or controversy." *Bernatsky v. Designer Baths & Kitchens, LLC*, No. W2012-00803-COA-R3-CV, 2013 WL 593911, at *2 (Tenn. Ct. App. Feb. 15, 2013). To determine whether a court has subject matter jurisdiction, we look to the Tennessee Constitution, statutes, and the common law. *Id.*

The cause of action for unlawful detainer was created by statute as a means of "streamlin[ing] the cumbersome and more formal common law action, such as ejectment, used to determine rightful possession of real property." *Newport Hous. Auth. v. Ballard*, 839 S.W.2d 86, 89 (Tenn. 1992). Tennessee Code Annotated § 29-18-104 provides:

> Unlawful detainer is where the *defendant enters by contract*, either as tenant or as assignee of a tenant, or as personal representative of a tenant, or as subtenant, or by collusion with a tenant, and, in either case, willfully and without force, holds over the possession from the landlord, or the assignee of the remainder or reversion.

(Emphasis added). An unlawful detainer action "may resolve possessory interests only, not the merits of title." *Rutherford Wrestling Club, Inc. v. Arnold*, No. M2013-02348-COA-R3-CV, 2015 WL 1955369, at *8 (Tenn. Ct. App. Apr. 30, 2015) (citing *Johnson v. Hopkins*, 432 S.W.3d 840, 845 (Tenn. 2013)). Interpreting Tenn. Code Ann. § 29-18-104,

- 3 -

the courts have held that "a landlord/tenant relationship, established by contract, is the baseline requirement for maintaining an unlawful detainer action." *CitiFinancial Mortg. Co., Inc. v. Beasley*, No. W2006-00386-COA-R3-CV, 2007 WL 77289, at *7 (Tenn. Ct. App. Jan. 11, 2007); *see also Arnold*, 2015 WL 1955369, at *8.

In the present case, Widow did not enter the property "by contract, either as tenant or as assignee of a tenant, or as personal representative of a tenant, or as subtenant, or by collusion with a tenant." Tenn. Code Ann. § 29-18-104. Rather, she remained on the Property after her husband's death. As explained more fully below, we conclude that an action for unlawful detainer was not proper in this case because Widow's claim to possession is not based upon a contractual landlord-tenant relationship.

In *Springfield v. Stamper*, 214 S.W.2d 345 (Tenn. Ct. App. 1948), Eva Stamper sued Charlie Springfield to gain possession of a piece of property. The general sessions court entered judgment in favor of Mr. Springfield, and Ms. Stamper appealed to the circuit court, which entered judgment in her favor. *Springfield*, 214 S.W.2d at 345. Mr. Springfield appealed the judgment of the circuit court. *Id.* Although the warrant contained ambiguous wording as to the cause of action being pursued by Ms. Stamper, the appellate court concluded that the action was for unlawful detainer and that, "hence, entry upon contract is of the gravamen of the action." *Id.* at 346-47. Ms. Stamper traced her claim to the property back to Mack Windham, whom she alleged to be the brother of her grandmother. *Id.* at 345-46. Mr. Springfield asserted the right to possession based upon a 1933 deed covering part of the property from Lizzie Windham (Mack Windham's widow) to Frances Springfield (Mr. Springfield's mother), and upon a 1946 instrument conveying the entire piece of property from Lizzie Windham to Charlie and Frances Springfield. *Id.* at 346.

To resolve the case, the *Springfield* court relied upon *Shepperson v. Burnette*, 92 S.W. 762, 762 (Tenn. 1906), a case involving property originally owned by Jane Sutton, the wife of Alfred Sutton. Upon Jane's death, Alfred took the property as a tenant by the curtesy[1] and later conveyed it to Flem Burnette. *Shepperson*, 92 S.W. at 762. The Sutton children brought an action for unlawful detainer against Amanda Burnette, Flem's widow. *Id.* Noting that "one essential element of the definition [of unlawful detainer] is that the defendant or the one under whom he claims must have entered by contract," the Court in *Shepperson* determined that the unlawful detainer action by the Sutton children "could not lie" because "neither the estate was created nor was possession secured by contract." *Id.*

---

[1] At common law, tenancy by the curtesy was "a husband's right, upon his wife's death, to a life estate in the land that his wife owned during their marriage, assuming that a child was born alive to the couple." BLACK'S LAW DICTIONARY (11th ed. 2019); *see also Pattison v. Baker*, 255 S.W. 710, 711 (Tenn. 1923). This estate was "alienable by the husband and subject to execution for his debts, and giving to him control of the profits in the wife's land." *Pattison*, 255 S.W. at 711.

Based upon the *Shepperson* precedent, the court in *Springfield* concluded that the circuit court erred in awarding judgment on Ms. Stamper's claim for unlawful detainer. *Springfield*, 214 S.W.2d at 347-48. The court considered Lizzie Windham's tenancy to be "predicated upon unassigned homestead and dower," *id.* at 348, and reasoned that her rights were "analogous, in the sense here considered, to tenancy by the curtesy," *id.* at 347. Even if Ms. Windham's rights had matured to a life estate, "she could not by contract, deed or assignment create such an entry on the premises by the defendant as would, upon a holding over, give rise to an unlawful detainer action by a remainderman." *Id.* at 348. Because Mr. Springfield's possession did not originate from a landlord-tenant relationship contract, an action for unlawful detainer was not proper. *See id.*

The same reasoning precludes the unlawful detainer action in the case before us. Widow did not come into possession of the Property by virtue of a contract establishing a landlord-tenant relationship. A general sessions court is a court of limited jurisdiction with only the authority provided by statute. *Ware v. Meharry Med. Coll.,* 898 S.W.2d 181, 183-84 (Tenn. 1995). Thus, the general sessions court lacked subject matter jurisdiction to decide the case.

A somewhat different question is presented as to the status of Son's de novo appeal in circuit court—namely, whether the circuit court has subject matter jurisdiction over a de novo appeal from general sessions court where the general sessions court lacked subject matter jurisdiction. In this case, however, we need not address the jurisdictional issue because, even if the circuit court had subject matter jurisdiction to decide Son's de novo appeal, the complaint for unlawful detainer should have been dismissed for failure to state a claim upon which relief can be granted pursuant to Tenn. R. Civ. P. 12.02(6).

CONCLUSION

The judgment of the trial court is reversed and remanded for an order dismissing the complaint. Costs of this appeal are assessed against the appellee, William Maurice West, Jr., and execution may issue if necessary.

_/s/ Andy D. Bennett_____
ANDY D. BENNETT, JUDGE