A. C. WARE, guardian, plaintiff in error, *vs.* DANIEL WARE *et al.,* defendants in error.

Where a bill in equity was brought by a ward, through her guardian, against an administrator, charging that, by a previous litigation against such administrator, she had obtained a decree, by which she was decreed a specific interest in certain property, being an undivided interest therein to the value of $2,850 00, and the jury further decreed, that "this decree shall operate as a conveyance to her of said undivided interest in said lands and premises," and the bill avers that the property is being wasted and mismanaged, and that the sale of the whole is necessary to a proper division or partition, and that the administrator and his securities on his bond are involved, and that the administrator refuses to comply with the decree in the premises and sets up new defenses; that the property belongs, in part, to other heirs, and that they were not parties to the original bill, and not bound thereby; and the bill prays for the appointment of a Receiver and a sale of the property, for the purpose of division, and the Court, upon the hearing, dismissed the bill for want of equity, on the ground, the questions raised were previously adjudicated:

*Held,* That the Court erred; that the facts alleged constituted strong

grounds for the interposition of equity, and that it was the duty of the Court to have retained the bill and appointed a Receiver, and by proper process to have caused all the parties in interest to be made parties to the bill, and to have adjudicated and settled the respective rights of the claimants, if found that they were not bound by the decree in the original bill, and to have the property sold for the purposes of division. And we remand this case to the Chancellor, with these instructions.

Partition.    Equity.    *Res Adjudicata.*    Before Judge BIGBY.    Troup Superior Court.    September, 1870.

This was a bill to prevent waste, appoint a Receiver, etc. It is sufficiently reported in the opinion.    While complainant was presenting the bill, defendants' counsel moved to dismiss it.    Plaintiff's counsel said the motion was out of order.    But the Court allowed defendants' counsel to proceed.    His motion to dismiss was upon the grounds, that the matter was *res adjudicatu*, as appeared by the exhibit to the bill, because there was no equity in this bill, and because complainant's remedy was complete at law.    The Court dismissed the bill.    Error is assigned upon hearing the motion while complainant's counsel was presenting his cause, and upon the dismissal of the bill.

BIGHAM & WHITAKER, for plaintiff in error.

MABRY, TOOLE & SON, for defendants.

LOCHRANE, C. J.

This case presents for review the order of the Judge below, granted at Chambers, October 18th, 1870, dismissing the bill of complainant.

The bill was brought by Mary S. Poythress, by her guardian, A. C. Ware, charging that Daniel Ware became the administrator of Sarah Jane Poythress in 1864, that in 1866, she had filed her complaint in equity to Troup Superior Court, (which is attached as an exhibit,) against him, and had obtained thereon a verdict at the November Term, 1866, which

we will recite as a statement of the case, and for the reason that the whole controversy now before us turns upon that verdict and decree.   It is as follows: "We the jury find and decree that Daniel Ware, as administrator of the estate of Sarah Jane Poythress, deceased, for whom he was trustee when she was in life, has in hand, belonging to said Mary S. Poythress, arising from said trust estate, $2,850 00, which we accordingly decree against said Daniel Ware, as administrator of said Sarah Jane Poythress.   We also find that the same was invested by the said Daniel Ware in the residence place, and eighty acres of land adjoining the town of LaGrange, and north of the grave-yard in said place, whereon the said Daniel Ware and his family now reside, and that the said land and premises are subject to the discharge of the aforesaid sum to the complainant.   We, therefore, decree to the complainant a specific interest in said property to be an undivided interest therein to the value of $2,850 00, to be paid her, or to said A. C. Ware, her guardian, or to his successors, or her heirs or assigns, out of any sale, disposition or division of said place that may hereafter take place, without abatement as to amount, and to bear interest from the date of this decree, *and this decree shall operate as a conveyance to her of said undivided interest in said land and premises,* as above expressed and described.   We further find and decree that a compliance with this decree shall operate as a full acquittance, and discharge of all further liability of said Daniel Ware, and his securities on his bond as administrator of said Sarah Jane Poythress."

The bill charges, that she has applied to defendant for a sale, which was refused, and that he is in collusion with others and committing waste, and that the administrator and his security are wholly insolvent.   The bill prays for the appointment of a Receiver, and for a sale of the property.

The defendant pleaded to this bill of complaint, the former bill of complaint, alleging that there is neither new matter or parties, and that the question is *res adjudicata.*

Ware *vs.* Ware *et al.*

We need not go into the volume of papers connected with this case, farther than to say, the whole questions made upon the present bill are no where sufficiently met by any legal or equitable defense that would authorize this Court to hold the parties estopped in prosecuting their rights to a partition of the property by sales. The decree gives a specific interest in this property, to the complainant, to the amount of $2,850 00, and operates as a conveyance to that effect. The character of the litigation now developes just such a case as belongs peculiarly to a Court of equity, to take jurisdiction of and determine. This ward may be delayed in the recovery of her rights, after adjudication by the Courts, interminably by the introduction of new matters arising out of the facts disclosed by the record, unless the Chancellor lays his hands on this property, and compels all parties in interest to come forward and present their respective claims for adjudication and settlement. It would end in the multiplicity of difficulties to refuse now to examine the jurisdiction invoked, and interpose by proper process to compel a settlement of the interest by decree vested in this ward. And we, therefore, reverse the judgment of the Court below dismissing the bill for want of equity, and direct him to appoint a proper Receiver, who shall take custody of the property, protecting the same from waste and injury, and that all the parties in interest be cited to appear, and be made parties to this bill, and their respective rights and claims be adjudicated, and the property sold for the purposes of division among the claimants.

Judgment reversed.