WHITFIELD *v.* PEOPLE'S UNION BANK & TRUST CO., *et al.*

(*Nashville*, December Term, 1933.)

Opinion filed July 14, 1934.

JOSEPH HIGGINS, of Nashville, and S. A. CLEMENT, of Camden, for appellant.

PEELER & PEELER and JOE F. ODLE, all of Camden, for appellees.

MR. JUSTICE CHAMBLISS delivered the opinion of the Court.

Land owned by Whitfield was subjected to foreclosure in equity under a mortgage which he had executed to secure a debt. He did not set up any claim to homestead in the land in that proceeding, but subsequently filed this bill claiming homestead rights, subject to the mortgage debt, as to which he had waived homestead in the original instrument.

The rule is that homestead should be assigned out of the surplus proceeds, where lands are sold under a mortgage containing a waiver; such waiver having no application to other than the secured debts. *Jackson* v. *Shelton*, 89 Tenn. (5 Pickle), 82, 16 S. W., 142, 12 L. R. A., 514.

However, the chancellor sustained a demurrer to the bill and dismissed the suit, it appearing (1) that no claim to homestead had been set up in the foreclosure suit, and (2) that the complainant was a man who had never been married and that the only other occupant of the farm home was a young man some nineteen years of age who had been taken charge of by complainant when a lad of seven or eight years, and who had lived with complainant since. This young man was not alleged to be either related to or adopted by complainant.

We have no holding in Tennessee extending the homestead right to one in just such a situation. Our Constitution, article 11, section 11, and our statute Code 1932, section 7719, exempt a homestead in each "head of a family." And a "head of a family" includes not only a father, or husband, in his lifetime, but a widow, and after death of both, any minor children. *Denny* v. *White*, 2 Cold., 283, 88 Am. Dec., 596; *Farrow* v. *Farrow*, 13 Lea, 120.

Defining "head of a family," Bouv. Law Dict. (Baldwin's Revision) cites *Bachman* v. *Crawford*, 3 Humph., 216, 39 Am. Dec., 163, for the statement that, "There must be the relation of father and child, or husband and wife." In order that there may be a "head of a family" there must be a "family," defined by Bouvier as, "Father, mother and children." Bouv. Law Dict., vol. 2, p. 1186. In common parlance a family sometimes includes servants and others than wife or children living under the same roof with the *pater familias*, but a single person, who has never been married, having merely servants in his home, cannot be said to be a head of a family. See numerous cases cited in note, 29 C. J., p. 798. Standard Dictionary defines "family" as (1) "a

group of persons consisting of father, mother and children;'' or (2) "the collection of persons forming a domestic household," etc.

As suggested in the brief of counsel for the defendant, it is significant that by chapter 36, Acts 1866-67, the homestead exemption applied to "any housekeeper or head of a family;" but following the Constitution of 1870, which did not include a "housekeeper," the present statute was passed, which gives the exemption to "each head of a family," and omits the term housekeeper, which had, of course, a less restricted meaning. The complainant here may be a "housekeeper," but we are unable to hold that he brings himself within the definition of "a head of a family." As before stated, the allegations of the bill show him to be a single person, who had never married, and the status of the young man who resides with him is not that of a dependent child, either natural, or by adoption. Whether either of these persons has any character of claim upon the other does not appear. If there may be said to exist any connection between them at all, in a legal or natural sense, it is altogether uncertain in extent and duration.

We find no Tennessee case recognizing the homestead exemption in one who is not or has never been married, the human relationship from which springs, ordinarily, the family. The woman accorded homestead rights by Chancellor COOPER in *Ex parte Brien*, 2 Tenn. Ch., 33, was a widow, residing in the family home of which her husband had been the family head, having in her home children closely related to her by blood, some of whom had formed part of the family during the lifetime of the husband. The Constitution expressly provides that the benefits of the homestead, exempt during the life of the

"head of a family," shall "inure to the benefit of the widow." Chancellor COOPER cites a Georgia case holding a bachelor to be a "head of a family" (*Marsh* v. *Lazenby*, 41 Ga., 153), but his mother and two sisters lived with him. On the other hand, he cites *Calhoun* v. *McLendon*, 42 Ga., 408, holding that a bachelor with no family, only servants, was not within the homestead exemption.

■ In Thompson on Real Property, vol. 1, par. 914, it is said: "The fact that a person is unmarried does not affect his homestead right, if he has been married and *has dependents living with him*, but a bachelor who is not the head of a family, cannot claim the benefit of the homestead laws." We have italicized words indicative of what appears to be a controlling principle—"dependents living with him." We find here not only no family life in origin, of which the situation presented is an outcome, but no actual dependency. The young man is "aged about nineteen years," on the filing of the bill. What is alleged relates to the past, as it bears on support and maintenance by complainant. It is not even charged, and, indeed, could hardly be claimed, that this grown man is a dependent of complainant.

In *Prater* v. *Prater*, 87 Tenn., 78, 9 S. W., 361, 10 Am. St. Rep., 623, Mr. Justice CALDWELL stresses that the homestead exemption rests on, and is for the protection of, the "family." It looks to the protection and preservation of this sacred institution. The right is conferred on the head for the benefit of the family. While conceding that a case might be presented in which a bachelor was a head of a family, within the contemplation of our statute, it cannot be said that we have a "family" here.

■ In *Mullins* v. *Looke et al.*, 8 Tex. Civ. App., 138, 27 S. W., 926, the Court of Civil Appeals of Texas rejected a claim to homestead very similarly based, holding that a single man having a child living with him, not shown to be related or adopted, was not the head of a "family." To adopt a contrary holding, and so extend this exemption, would be to open the way for fraudulent evasion by debtors, who might easily, to meet the occasion, supply themselves with temporary household associates. While the exemption laws are to be construed liberally, we are of opinion that, on the facts of the instant case, the learned chancellor was correct, and his decree is affirmed.