### In re ISELE.
### No. 609.

District Court, W. D. Tennessee, W. D.
July 13, 1940.

854

H. J. Steuterman, of Memphis, Tenn., for bankrupt.

Charles A. Rond, of Memphis, Tenn., for trustee.

MARTIN, District Judge.

The personalty exemption laws of Tennessee have been prolific of constant controversy in bankruptcy courts. The instant case presents another troublesome question.

The Referee in Bankruptcy has sustained the Trustee in his refusal to set aside as exempt to the bankrupt any part of a stock of liquor store merchandise, or any of the money realized from the sale of such merchandise. The ruling of the Referee is grounded upon his opinion that because the liquor was kept for sale by the bankrupt he cannot claim it as exempt under the personalty exemption contained in the last paragraph of Section 7701 of the 1939 Supplement to Tennessee Code of 1938, being Chapter 138, Section 1, of the Acts of the General Assembly of Tennessee for the year 1939.

Hearing has been had on the petition of the bankrupt for review of the Referee's ruling, disallowing the exemption claimed. The Referee has found that the bankrupt owned no household goods, but concludes that he "is unable to see in what way this will benefit the bankrupt as there are not any other assets out of which the bankrupt might claim his exemption"; and says, further, that he "is of the opinion that the bankrupt should not be allowed any part of the funds realized from the trustee's sale of the liquor stock of this estate, as exempt property."

Decision will turn upon an interpretation of the last paragraph of Section 7701 of the 1939 Tennessee Code Supplement, cited supra, in conjunction with the other provisions of the section, in the light of the accomplished amendment of the pre-existing code section on the same subject.

Prior to the present law, resultant from the aforementioned amendatory act of 1939, the statutory personalty exemption was provided in Section 7701 of the Tennessee Code of 1932, as follows: "The personal property of a resident head of a family to the amount of seven hundred and fifty dollars in value, to be selected by him, shall be exempt from levy and sale under execution or attachment, and from distraint or seizure except as is otherwise provided in this article; provided, such selection may not be made of personal property which is subject to a valid lien or title retained for security, so as to defeat the creditor so secured; *nor, of goods, wares or merchandise acquired or held by the debtor as a merchant or dealer, so as to defeat his mercantile or trade creditors, or any of them;* nor as against any sort of process issued for the purchase money of property sought to be selected for exemption."

In the last paragraph of the existing Code Section 7701, which, by Chapter 138, Section 1, of the Acts of 1939, supplanted the foregoing quoted section, the amount of the exemption was reduced from $750 to $450, and the italicized portion of the former law, quoted above, was not re-enacted into the new Section 7701 either in form or in substance. This seems indicative of the legislative intent.

The principle, expressio unius est exclusio alterius would seem to apply. In the list of specific articles exempted from execution in the existing Section 7701, in seven of the thirty items listed of specifically described household goods (largely food stuffs), exemption was limited to such articles as were kept for family use and in five of the seven was added the expression, "not for sale as merchandise". In the remaining twenty-three specifically described items of exempt personalty, no such express limitation to family use, or to articles not for sale as merchandise, is found. Nor is any such limitation of exemption contained in the last paragraph of the new Section 7701. On the contrary, the exemption coverage is described in broad language, as appears from the following quotation of the concluding paragraph: "In the event the head of the family does not own sufficient articles as

above enumerated to aggregate a total fair value of four hundred and fifty ($450.00) dollars, such head of the family may select and claim additional articles of personal property then owned and in his or her possession, sufficient with the enumerated articles to amount to said aggregate value."

Dixon v. Koplar, 8 Cir., 102 F.2d 295, 297, re-states the settled rule in apt language: "The rights of a bankrupt to property as exempt are those given him by the state statutes; and the federal courts, sitting as courts in bankruptcy, will determine exemptions according to those statutes, and the decisions of the courts of last resort of the states construing and applying those statutes", citing, White, Trustee v. Stump, 266 U.S. 310, 45 S.Ct. 103, 69 L.Ed. 301, Moody & Son v. Century Savings Bank, 239 U.S. 374, 378, 36 S.Ct. 111, 60 L.Ed. 336, Smalley v. Laugenour, 196· U.S. 93, 97, 25 S.Ct. 216, 49 L.Ed. 400.

It is established doctrine in Tennessee .that exemption laws are to be construed liberally in favor of exemptions. Whitfield v. People's Union Bank & Trust Co., 168 Tenn. 24, 73 S.W.2d 690; Pyett v. Rhea, 6 Heisk. 136, 53 Tenn. 136.

Federal Court policy conforms. A neat expression of it will be found from the language of Judge Sessions: "The exemptions allowed a bankrupt are fixed and prescribed by the statutes of the state of his domicile; but the provisions of the bankruptcy act are controlling as to the time and manner of claiming, awarding, selecting, and setting apart such exemptions, and the law is well settled that these provisions of the bankruptcy act should receive a liberal and not a narrow or technical interpretation. The laws securing exemptions are not to be frittered away by construction so as to destroy their value." In re Andrews & Simonds, D.C., 193 F. 776, at ·page 778.

That the true interpretation of new Section 7701 of the Tennessee Code, under state Supreme Court authority, should be that the spread-eagle exemption in the last paragraph is not to exclude personal property held by the bankrupt for sale as merchandise seems supported by Sheely v. McLemore, 153 Tenn. 498, 284 S.W. 61. In that case, Chief Justice Green said (156 Tenn. pages 502, 503, 284 S.W. page 62): "When exceptions are expressed, the conclusion follows that no other exceptions were intended. 'An express exception, ex-

emption, or saving excludes others. Where a general rule has been established by statute with exceptions, the court will not curtail the former nor add to the latter by implication. Exceptions strengthen the force of a general law, and enumeration weakens it as to things not expressed.' Lewis' Sutherland on Statutory Construction, § 494. The foregoing has been quoted and approved by this court in Kelly & Co. v. State, 123 Tenn. 516, 132 S.W. 193; Burns v. City of Nashville, 132 Tenn. 429, 178 S.W. 1053; Turner v. Eslick, 146 Tenn. 236, 240 S.W. 786. This rule of construction was considered at length in Turner v. Eslick, supra, and the authorities sustaining it reviewed."

The last mentioned case quotes from Chief Justice Marshall in Gibbons v. Ogden, 9 Wheat. 1, 6 L.Ed. 23, and Brown v. Maryland, 12 Wheat. 419, 6 L.Ed. 678.

In Board of Park Commissioners v. Nashville, 134 Tenn. 612, at page 631, 185 S.W. 694, at page 699, Chief Justice Neil stated: "The maxim, 'expressio unius est exclusio alterius,' is not inflexible, and should always be applied so as to accomplish the legislative intention, and not to defeat it."

Somewhat in point here is In re Lenters, D.C., 225 F. 878, in which, in holding that a bankruptcy court should administer exemption laws liberally, the court allowed a cash exemption equal to the property value exemption granted by the state statute. The value of a drug business of a bankrupt had not been set out in his schedules. The court said (225 F. page 882): "To hold that the bankrupt cannot now have his exemption, because it was claimed in cash and the schedule exhibited no cash at that time, is subordinating substance to technical form."

Applying the principles of the authorities discussed to an interpretation of the operative Tennessee personalty exemption statute, it becomes apparent that the Referee erred in denying the right of the bankrupt to claim as exempt the fair value, to the extent of $450, of the liquor stock in his store, where he possessed no exempted household goods or other personal property specifically exempted.

Accordingly, the exceptions of the bankrupt to the ruling of the Referee are allowed, and the case is referred to the Referee for action in conformity with this opinion. An appropriate order to such effect will be duly entered.