ERNEST BEAN, Appellant,

*v.*

HUGH LEE HUDDLESTON et ux., Appellees.

405 S.W.2d 767.

(*Nashville,* December Term, 1965.)

Opinion filed August 5, 1966.

ROBERT L. JOHNSON, Gainesboro, for appellant.

H. L. PAGE, Gainesboro, for appellees.

MR. JUSTICE DYER delivered the opinion of the Court.

This cause was heard on stipulation of facts and appeal taken direct to this court. The question presented the right of homestead under the following facts.

Appellant, Ernest Bean, lived on a farm of about sixty acres in Jackson County with his wife and minor son. Title to the farm was held by Appellant. On 10 August 1953 there was a separation in this family with the wife and minor son going to Kentucky where they continue to reside. On 21 April 1958 Appellant secured a divorce. On 17 November 1959 the Sheriff levied upon and sold this farm to satisfy a judgment against Appellant and at this time this was the only land owned by Appellant.

On 14 October 1963 Appellant filed his original bill in this cause against the present owners of this land seeking to have his homestead rights declared and set out.

The Chancellor found Appellant was not entitled to homestead rights on two grounds. First, Appellant was not the head of a household within the meaning of our homestead laws; Second, Appellant was guilty of laches in not asserting his claim earlier.

In *Whitfield v. People's Union Bank & Trust Co.*, 168 Tenn. 24, 73 S.W.2d 690 (1934) this court said:

"The fact that a person is unmarried does not affect his homestead right, if he has been married and *has dependents living with him*, but a bachelor who is not the head of a family, cannot claim the benefit of the homestead laws." We have italicized words indicative of what appears to be a controlling principle—"dependents living with him." 168 Tenn. 24, 73 S.W.2d 690

We think the statement above from the *Whitfield* case is controlling of the case at bar. The homestead exemption is to the "head of a family." Applicant claims to qualify since he has a minor son. This minor son has lived in Kentucky away from Appellant for now over twelve years and there is no evidence or claim the child is to ever return to the home of his father. Further there is no evidence or claim Appellant has been or is now in any manner providing a home for his minor son. The Chancellor was correct in finding Appellant was not head of a household within the meaning of our homestead laws.

Judgment affirmed.

BURNETT, CHIEF JUSTICE, and WHITE, CHATTIN and CRESON, JUSTICES, concur.