In re Mary Lois SHAW and Rollin Richard Shaw, Debtors.

Robert H. WALDSCHMIDT, Trustee, Plaintiff,

v.

Mary Lois SHAW, Rollin Richard Shaw, and First Federal Savings and Loan Association, Defendants.

Bankruptcy No. 379–02109, 75–2190. Adv. Proc. No. 379–0038.

United States Bankruptcy Court, M. D. Tennessee.

June 18, 1980.

---

Robert H. Waldschmidt, Nashville, Tenn., for plaintiff.

J. K. Woodard, Madison, Tenn., for defendant Mary Lois Shaw.

T. Larry Edmondson, Nashville, Tenn., for defendant Richard Rollin Shaw.

Nancy K. Corley, Nashville, Tenn., for defendant Federal Savings & Loan Association.

## MEMORANDUM

RUSSELL H. HIPPE, Jr., Bankruptcy Judge.

In this adversary proceeding the trustee for the estate of one spouse seeks pursuant

to 11 U.S.C. § 363(h)[1] to sell the couple's residence, which the debtor and her husband owned as tenants by the entirety when she filed her petition for relief.[2] The debtor has claimed her interest in this property as exempt pursuant to 11 U.S.C. § 522(b)(2).[3]

The effect of several of the pertinent provisions of the Bankruptcy Reform Act of 1978 on entireties property when only one spouse files for relief is the subject of a most able and well-researched joint opinion by the two bankruptcy judges for the District of Maryland. In *In re Ford*, 3 B.R. 559 [1980] Bankr.L.Rep. (CCH) ¶ 67,429 (Bkrtcy.D.Md.), the court held that pursuant to 11 U.S.C. § 541(a)(1)[4] the entire interest of a bankrupt spouse in entireties property is property of the estate, including the undivided present right to the use, possession, and income from the property as well as the right of survivorship. The court further held that such interest passes out of the estate as exempt property pursuant to § 522(b)(2)(B) to the extent that it is immune from execution under applicable state law. The court concluded that the net effect of these two provisions of the new Act is to leave the trustee for the estate of one spouse in the same position as under the old Bankruptcy Act. This court concurs in this analysis and result and commends the Maryland judges for what appears to be the definitive opinion on the effect of § 541(a)(1) and § 522(b)(2)(B) on entireties property.[5]

1. Notwithstanding subsection (f) of this section, the trustee may sell both the estate's interest, under subsection (b) or (c) of this section, and the interest of any co-owner in property in which the debtor had, immediately before the commencement of the case, an undivided interest as a tenant in common, joint tenant, or tenant by the entirety, only if—

   (1) partition in kind of such property among the estate and such co-owners is impracticable;

   (2) sale of the estate's undivided interest in such property would realize significantly less for the estate than sale of such property free of the interests of such co-owners;

   (3) the benefit to the estate of a sale of such property free of the interest of co-owners outweighs the detriment, if any, to such co-owners; and

   (4) such property is not used in the production, transmission, or distribution, for sale, of electric energy or of natural or synthetic gas for heat, light, or power.

11 U.S.C. § 363(h).

2. In what it designated as its definitive opinion on the tenancy by the entirety, the current Tennessee Supreme Court stated:

We do not abolish the estate of tenancy by the entirety, but we strip it of the artificial and archaic rules and restrictions imposed at the common law, and we fully deterge it of its deprivations and detriments to women and fully emancipate them from its burdens.

From this date forward each tenant shall have a joint right to the use, control, incomes, rents, profits, usufructs and possession of property so held, and neither may sell, encumber, alienate or dispose of any portion thereof except his or her right of survivorship, without the consent of the other.

*Robinson v. Trousdale County*, 516 S.W.2d 626, 632 (Tenn.1974).

3. Notwithstanding section 541 of this title, an individual debtor may exempt from property of the estate either—

   (1) property that is specified under subsection (d) of this section, unless the State law that is applicable to the debtor under paragraph (2)(A) of this subsection specifically does not so authorize; or, in the alternative,

   (2)(A) any property that is exempt under Federal law, other than subsection (d) of this section, or State or local law that is applicable on the date of the filing of the petition at the place in which the debtor's domicile has been located for the 180 days immediately preceding the date of the filing of the petition, or for a longer portion of such 180-day period than in any other place; and

   (B) any interest in property in which the debtor had, immediately before the commencement of the case, an interest as a tenant by the entirety or joint tenant to the extent that such interest as a tenant by the entirety or joint tenant is exempt from process under applicable nonbankruptcy law.

11 U.S.C. § 522(b).

4. The commencement of a case under section 301, 302, 303 of this title creates an estate. Such estate is comprised of all the following property, wherever located:

   (1) Except as provided in subsections (b) and (c)(2) of this section, all legal or equitable interests of the debtor in property as of the commencement of the case.

11 U.S.C. § 541(a)(1).

5. The court is aware of one other reported opinion construing the application of

While under the law of Maryland creditors of one spouse are unable to reach any of that spouse's interest in entireties property, Tennessee accords such creditors the right to levy on the spouse's survivorship interest.[6] Because the right of survivorship is not immune to execution, it remains in the estate after the debtor's interest has been exempted pursuant to § 522(b)(2)(B).

In addition to § 522(b)(2)(B) the debtor has claimed her interest in the residence exempt pursuant to § 522(b)(2)(A) and the Tennessee homestead exemption.[7] The trustee insists that the debtor is not entitled to invoke this exemption principally on the ground that she is not the head of the household. Although the current Tennessee homestead exemption may be claimed by one who is not the head of the household, it is apparently the trustee's position that the debtor's rights in this regard should be controlled by the law in effect at the time that the obligation to the bank was created or reduced to judgment which limited this exemption claim to the household head. *See Bean v. Huddleston*, 219 Tenn. 1, 405 S.W.2d 767 (1966). Regardless of which law is applicable, the trustee's position is untenable. The right to claim the homestead exemption in property owned as tenancies by the entirety vests in the survivor. *Springfield v. Stamper*, 31 Tenn.App. 252,

214 S.W.2d 345 (1948); *see Beard v. Beard*, 158 Tenn. 437, 14 S.W.2d 745 (1929). The debtor's homestead exemption claim will have no effect unless she survives her husband. Thus the trustee and anyone purchasing the survivorship interest from the trustee takes the debtor's interest subject to the homestead exemption to which she would be entitled upon the death of her husband. *See Waddy v. Waddy*, 200 Tenn. 140, 291 S.W.2d 581 (1956).

The trustee next insists that the right of survivorship is a sufficient interest in entireties property to entitle him to sell the entire property pursuant to 11 U.S.C. § 363(h). The court disagrees. In Tennessee one spouse's right of survivorship is not an undivided interest in entireties property as specifically required by § 363(h)(2) but rather one that is separate and alienable as such. It is for this reason that it remains in the estate after the § 522(b)(2)(B) exemption and it is for this reason that it does not give the trustee the right to sell the entire property pursuant to § 363(h). The Congress did not intend to give a trustee for the estate of one spouse the rather drastic authority to sell the entire property unless the entire interest of the debtor spouse as tenant by the entirety is included in the estate.

§ 541(a)(1) to entireties property. In *In re Jeffers*, 3 B.R. 49, 1 C.B.C. 559 (Bkrtcy.N.D.Ind. 1980) the court held in effect that the estate acquired no greater interest in entireties property under § 541(a)(1) of the new Act than it had under § 70a(5) of the old Act. Thus, that court would have reached the same result as the Maryland court but without resort to the § 522(b)(2)(B) exemption. This court does not concur in the analysis of the Indiana court.

6. See footnote 2, *supra.*

7. An individual, regardless of whether he is head of a family, shall be entitled to a homestead exemption upon real property which is owned by the individual and used by him, his spouse, or a dependent, as a principal place of residence. The aggregate value of such homestead exemption shall not exceed five thousand dollars ($5,000). Individuals who jointly own and use real property as their principal place of residence shall be entitled to homestead exemptions the aggregate value of which exemp-

tions combined shall not exceed five thousand dollars ($5,000). The homestead exemption shall not be subject to execution, attachment, or sale under legal proceedings during the life of the individual. Upon the death of an individual who is head of a family, any such exemption shall inure to the benefit of the surviving spouse and their minor children for as long as the spouse of the minor children use such property as a principal place of residence.

If a marital relationship exists, a homestead exemption shall not be alienated or waived without the joint consent of the spouses.

The homestead exemption shall not operate against public taxes nor shall it operate against debts contracted for the purchase money of such homestead or improvements thereon nor shall it operate against any debt secured by the homestead when said exemption has been waived by written contract.

T.C.A. § 26–301 (1979 Cum.Supp.)

■ Although the Maryland court in *Ford* did not have to deal with the additional issue of the effect on the application of § 363(h) of the right of survivorship remaining in the estate, its conclusion that the ultimate effect of the new Act on entireties property may be the same as under the old is nevertheless applicable in those states such as Tennessee which accord creditors of one spouse the right to levy on the survivorship interest.

The debtor and her husband offered rather extensive proof to the effect that even if the estate had been deemed to include the entire undivided interest of the debtor, the benefit to the estate of a sale of the entire property would not outweigh the detriment to the other spouse as required by § 363(h)(3). The testimony of real estate and home loan experts tended to show that the net effect of a sale of the residence at $56,000, considering the current high cost of financing a new home, would be that the debtor and her husband would end up in a $44,000 home financed at a present-value additional expense of over $30,000 while the trustee would net $2,500 or so. Thus there is a substantial issue, which the court need not resolve, as to whether the trustee would be entitled to sell the residence pursuant to § 363(h) in any event.

■ The real concern of the trustee in this proceeding stems from the fact that the debtor's husband filed for relief under the old Bankruptcy Act in 1975. At that time the couple owned the residence in issue. They were jointly liable on the loan acquired from a savings and loan association to finance its purchase. They were also jointly liable on an unsecured obligation to a Kentucky bank. The initiation of legal proceedings by that bank to collect that debt apparently prompted the filing of the husband's petition, which stayed that creditor from proceeding further as to him. The bank apparently made no effort to have the stay lifted so that it might proceed to obtain a joint judgment against the couple that might be satisfied out of the jointly owned entireties property. It is conceded that at the time, the equity in the property

was less than the debt to the bank. The husband received his discharge, and his case was closed in 1976. The bank made no effort to acquire his survivorship interest in the residence from the trustee of his estate.

The bank proceeded to obtain judgment against the wife in 1975, but made no effort to execute on any property interest of hers, such as her survivorship interest in the residence. Apparently the wife was prompted to file her petition in November 1979 as a result of the bank's having garnishments run on her wages from a part-time job.

The trustee initially sought to reopen the case of the husband in order to consolidate the two estates, thereby enabling him to sell the residence as an asset of the consolidated estate. The court declined to reopen the husband's case. Four years had elapsed between the filing of the two petitions. During that time the couple had made substantial improvements to the property. As a result of these improvements, reductions in the amount of the first mortgage loan, and general inflationary increases in property values, the equity had increased substantially so that it is now conceded to be well in excess of the bank's debt. In addition, the husband testified that he reaffirmed at least one debt in reliance upon his discharge and the abandonment by the trustee in his case of any interest in the residence. The trustee relies upon *Reid v. Richardson*, 304 F.2d 351 (4th Cir. 1962). In that case, however, the petitions of the spouses had been filed just six months apart, and there was no indication that there had been any significant change in the entireties property or in the circumstances of the parties in the interim. The *Reid* court stated that the reopening of cases is a matter for the discretion of the court and expressly disavowed any attempt "to lay down rigorous outer limits of this discretion." 304 F.2d at 355. The court then specifically noted

> that the time of re-opening of an estate is of crucial significance. Here it was only six months after the filing of the petition in bankruptcy. Under all these circumstances, re-opening within this period of

time was not improper. However, it must be borne in mind that re-opening defeats one of the major purpose of the Bankruptcy Act; to stabilize an insolvent debtor's financial position at the time of the filing of the petition, to relieve him of his existing financial burdens, and to provide his then assets for the relief of his creditors. Re-opening removes the element of certainty from the adjudication and settlement of the estates. It is as essential to the creditors as it is desirable to the bankrupt that this element of certainty be destroyed only for the most compelling cause. Accordingly as the time between closing of the estate and its re-opening increases, so must also the cause for re-opening increase in weight. 304 F.2d at 355. In this proceeding, not only has there been a much more substantial lapse of time than in *Reid* and not only have significant events occurred during that period of time, but the only creditor who would benefit from reopening the husband's estate (the debtor listed only two creditors—the savings and loan association and the bank) has not been diligent in protecting its rights. In the case of *Phillips v. Krakower*, 46 F.2d 764 (4th Cir. 1931), the court sanctioned a delay in the entry of the discharge of one spouse so as to enable a creditor on a joint note to obtain against both spouses a judgment that could be satisfied out of entireties property. Without deciding whether similar relief would have been afforded the bank had an appropriate application been made in the husband's case, the court is of the view that the failure of the bank to make application is indicative that it neglected rights possibly available to it. In addition, the court notes that the bank failed to make any effort to acquire from the husband's trustee his survivorship interest in the residence. Perhaps more significantly, there has been no showing why the bank could not have put the wife into involuntary bankruptcy and consolidated the estates when the husband filed in 1975.

Although staggered filings of bankruptcy petitions that are calculated to frustrate the interests of creditors of both spouses is troublesome, it is merely one aspect of the larger problem presented by the continued recognition by Tennessee and other states of an estate in property which has long been criticized as an unjustifiable legal anachronism. *E. g.*, Huber, *Creditors' Rights in Tenancies By The Entireties,* 1 B.C.Ind. & Com.L.Rev. 197 (1960).

### JUDGMENT

In accordance with the Memorandum entered contemporaneously herewith,

It is hereby ORDERED, ADJUDGED AND DECREED that the debtor's survivorship interest in the real property located at 161 Indian Lake Road, Hendersonville, Tennessee, is an asset of her estate and the trustee may sell same subject to the homestead exemption to which she would be entitled if she survives her husband; and

It is further ORDERED, ADJUDGED AND DECREED that to the extent the trustee seeks further relief his complaint is dismissed.