In re Melba Jeanne HAMILTON, Debtor,

Robert H. WALDSCHMIDT,
Trustee, Plaintiff,

v.

Melba Jeanne HAMILTON, Charles N. Hamilton, Jr., & Lomas & Nettleton Co., Defendants.

Bankruptcy No. 382–03874.
Adv. No. 383–0218.

United States Bankruptcy Court,
M.D. Tennessee.

Aug. 17, 1983.

Robert H. Waldschmidt, Cosner & Waldschmidt, Nashville, Tenn., for plaintiff.

Jack Green, Nashville, Tenn., for debtors/defendants.

MEMORANDUM[1]

KEITH M. LUNDIN, Bankruptcy Judge.

The defendants' motion to dismiss presents the question whether a Chapter 7 trustee may exercise the power contained in 11 U.S.C.A. § 363(h) (West 1979) to sell property held by a debtor as tenant by the entirety when the debtor's spouse is not in bankruptcy and the debtor has elected the federal exemptions under 11 U.S.C.A. § 522(b)(1) (West 1979).[2] After review of the briefs and arguments of the parties and applicable authority, I find that § 363(h) is available to the trustee under these circumstances.

The following constitute findings of fact and conclusions of law as required by Rule 7052 of the Federal Rules of Bankruptcy Procedure.

The debtor, Melba Jeanne Hamilton, filed a Chapter 7 petition on November 24, 1982. Her husband, Charles N. Hamilton, has not filed a bankruptcy petition. The debtor scheduled a home located in Antioch, Tennessee as an asset valued at $25,000 and scheduled Lomas & Nettleton Company as holding a mortgage on the property in the amount of $10,382.11. The debtor elected the federal exemptions codified at 11 U.S.C.A. § 522(b)(1) (West 1979) and asserted a $5,000 exemption in the house. It is not disputed that the debtor and her husband hold the property as tenants by the entirety.

On April 11, 1983, the trustee filed a "Complaint for Partition and Sale of Real Property Free and Clear of Liens" requesting court permission to sell both the debtor's interest and her nondebtor husband's interest in the property pursuant to § 363(h). The trustee proposes to sell the property, pay the costs of sale, satisfy the mortgage held by Lomas & Nettleton,[3] and divide the remaining proceeds (subject to the debtor's exemption claim) between the bankruptcy estate and the debtor's husband. The debtor filed a motion to dismiss the complaint on March 30, 1983. The motion was heard May 10, 1983.

Under 11 U.S.C.A. § 541 (West 1979),[4] all legal and equitable interests of the debtor, including property held as a tenant by the entirety, become part of the bankruptcy estate. The inclusion of entireties property in the bankruptcy estate is a change from practice under the Bankruptcy Act which provided that the debtor's property passed into the estate only if the particular property could have been transferred by the bankrupt, levied upon by creditors, or otherwise seized. This transferability test has been eliminated in § 541 of the Code and a debtor's interest in property as a tenant by the

1. This memorandum was originally filed on August 1, 1983 as a "Report of Standing Master" as required by Administrative Order No. 28–3. The Report was lodged with the Bankruptcy Court Clerk and notice was issued to all parties. No objections were filed. The Report was never transmitted to the District Court for the Middle District of Tennessee because on August 2, 1983, the District Court vacated Administrative Order No. 28–3 and reinstated Administrative Order No. 28 authorizing the bankruptcy judges for the Middle District of Tennessee to enter final orders in proceedings such as the instant case. *See* Administrative Order No. 28(d). The Report is, therefore, being reissued as a "Memorandum" with a corresponding order of the bankruptcy court.

2. The resolution of this question may be of limited applicability because of the opinion of the United States Court of Appeals for the Sixth Circuit in *Rhodes v. Stewart,* 705 F.2d 159 (6th Cir.1983). The court held in *Rhodes*

that the Tennessee opt-out statute [Tenn.Code Ann. § 26–2–112 (repl. vol. 1980)] is constitutional. Unless further statutory change occurs, debtors filing bankruptcy in Tennessee no longer have the option to elect the federal exemptions.

3. Lomas & Nettleton Company has objected to the trustee's complaint only to insure that its mortgage will be satisfied from the proceeds. The trustee's proposed sale includes such a provision.

4. 11 U.S.C.A. § 541(a)(1) (West 1979) provides in pertinent part:
 (a) The commencement of a case under section 301, 302, or 303 of this title creates an estate. Such estate is comprised of all the following property wherever located:
 (1) Except as provided in subsections (b) and (c)(2) of this section, all legal or equitable interests of the debtor in property as of the commencement of the case.

entirety becomes property of the estate upon filing.[5]

In addition to including entireties property in the bankruptcy estate, under certain circumstances, the Code grants a trustee the power to sell both spouses' interests in the entireties property, even if only one spouse is in bankruptcy. Section 363(h) provides in relevant part that:

> (h) Notwithstanding subsection (f) of this section, the trustee may sell both the estate's interest, under subsection (b) or (c) of this section, and the interest of any co-owner in property in which the debtor had, immediately before the commencement of the case, an undivided interest as a tenant in common, joint tenant, or tenant by the entirety, only if—
>
> (1) partition in kind of such property among the estate and such co-owners is impracticable;
>
> (2) sale of the estate's undivided interest in such property would realize significantly less for the estate than sale of such property free of the interests of such co-owners;
>
> (3) the benefit to the estate of a sale of such property free of the interests of co-owners outweighs the detriment, if any, to such co-owner.

The precise extent of the trustee's authority to sell entireties property when only one spouse is in bankruptcy has been the focus of considerable discussion. *See, e.g.,* Resnick and Finkel, "A Tenant By The Entirety In Liquidation Under The Bankruptcy Code: When A House May Not Be A Home," 86 COM.L.J. 286 (August/September 1981).

 In a carefully circumscribed opinion, Judge Hippe of this court has held that

where a debtor owns entireties property, elects the *state* exemptions, and the debtor's spouse does not file bankruptcy, the trustee may not sell the nondebtor spouse's interest pursuant to § 363(h). *Waldschmidt v. Shaw,* 5 B.R. 107 (Bkrtcy.M.D.Tenn. 1980). The court in *Shaw* engaged in a two-step analysis of the interaction between claims of exemption under § 522(b)(2) ["state" exemptions] and § 363(h). First, when a debtor elects the state exemptions under § 522(b)(2), a specific "automatic" exemption is allowed for:

> [A]ny interest in property in which the debtor had, immediately before the commencement of the case, an interest as a tenant by the entirety . . . to the extent that such interest as a tenant by the entirety . . . is exempt from process under applicable nonbankruptcy law.

11 U.S.C.A. § 522(b)(2)(B) (West 1979). Property held as tenants by the entirety consists not only of the normal rights attendant to property ownership—the right to use, control, income, rents, profit, and possession—but also a separate and divisible interest—the right of survivorship. *See Craig, An Analysis of Estates by the Entirety in Bankruptcy,* 48 BANKR.L.J. 255, 256–259 (1974). *See also Robinson v. Trousdale County,* 516 S.W.2d 626, 632 (Tenn. 1974). Under Tennessee law, an individual spouse may not convey, bequeath, or encumber his or her right to use, control, income, rents, profits or possession of entireties property without the permission of the other spouse, and only the separate survivorship interest is subject to levy or sale by creditors of a single spouse. *Citizens & Southern National Bank v. Auer,* 640 F.2d 837, 839 (6th Cir.1981); *Robinson v. Trous-*

---

5. Although § 541 does not explicitly mention the inclusion of entireties property, the legislative history indicates that Congress intended to include property held as tenants by the entirety in the bankruptcy estate. The House Judiciary Committee in its report specifically addressed the question and noted:

> The bill also changes the rules with respect to marital interests in property . . . With respect to other co-ownership interests, such as tenancies by the entireties, joint tenancies, and tenancies in common, but provides a

method by which the estate may realize on the value of the debtor's interest while protecting the other rights. The trustee is permitted to sell it without obtaining the consent or waiver of rights by the spouse of the debtor or the co-owner, as may be required for a complete sale under applicable state law.

H.R.Rep. 595, 95th Cong. at 177, *reprinted in* 1978 U.S.Code Cong. & Ad.News 5787, 6137. *See also Hadley v. Koehler,* 6 B.R. 203 (Bkrtcy. M.D.Fla.1980).

*dale County,* 516 S.W.2d at 632. A debtor's possessory interests in entireties property are, therefore, effectively immune from process under state law. In bankruptcy, the combined effect of electing the state exemptions under § 522(b)(2) and the operation of Tennessee law is that a debtor's interest in entirety property, with the exception of the right of survivorship, is exempted from the bankruptcy estate, regardless of value and regardless of which specific other personal exemptions are claimed. When a debtor elects the state exemptions, the bankruptcy trustee can administer only the debtor's right of survivorship.

The second step in *Shaw* is the recognition by Judge Hippe that a survivorship interest in Tennessee is not an "undivided interest" but is in fact separate, alienable property. Since § 363(h)(2) discusses only the sale of the estate's "undivided interest" in property, *Shaw* holds that a right of survivorship, by itself, is not a property interest which can support a trustee's effort to sell the whole property pursuant to § 363(h). The court noted that "Congress did not intend to give a trustee for the estate of one spouse the rather drastic authority to sell the entire property unless the whole interest of the debtor spouse as tenant by the entirety is included in the estate." *Waldschmidt v. Shaw,* 5 B.R. at 110.

As the analysis in *Shaw* suggests, the opposite result obtains where the debtor spouse claims the federal exemptions set forth in § 522(b)(1). First, the specific exemption for entirety property provided in § 522(b)(2)(B) for debtors electing the state exemptions does not appear in the federal exemption scheme under § 522(b)(1). Secondly, absent § 522(b)(2)(B), the debtor's complete "undivided" interest in entirety property—including the possessory rights enumerated above—becomes and remains part of the bankruptcy estate, subject only to exemption under the applicable subsections of § 522(d).[6]

The contrary result occurs because of the different nature of the property interest

that remains in the bankruptcy estate under the federal exemption scheme. Under the federal exemptions, a debtor's undivided possessory rights to entireties property, immune from process under state law, are not automatically exempted from the bankruptcy estate.

> Under the Code, . . . such an interest [in entireties property] is property of the estate and may under certain circumstances be administered for the benefit of creditors under Code § 363(h) unless it is made exempt. It is made expressly exempt by Code § 522(b)(2)(B). There is no comparable provision for debtors who select the . . . [federal] . . . exemption system.

1 Norton Bank.L. & P. § 26.10 (1981). This outcome was forecast by the Maryland bankruptcy court sitting *en banc:*

> [T]he court believes, without here deciding, that those sections [§ 363(h) and (j) ] may be applicable under a number of circumstances such as: in all States, including Maryland, where only one spouse files and, where not prohibited by state law, elects the federal exemptions pursuant to § 522(b)(1).

*In re Ford,* 3 B.R. 559 (Bkrtcy.D.Md.1980) *aff'd per curiam, Greenblatt v. Ford,* 638 F.2d 14 (4th Cir.1981). Similarly, Judge Kelley, in adopting this court's opinion in *Waldschmidt v. Shaw,* suggested that a sale of a nondebtor's interest in entireties property may only be prevented if the debtor elects the state exemptions pursuant to § 522(b)(2)(B):

> If entirety property has enough equity, the trustee may seek to sell it under § 363(h) and allow the debtor's exemption in the proceeds. On the other hand, if a debtor claims state exemptions, then depending on state law, § 522(b)(2)(B) may effectively prevent a sale under § 363(h) by allowing the debtor to exempt most of his interest in the entirety property. Tennessee law has that effect as to real property owned by the entirety.

6. For example, in the instant case, the debtor has exempted under § 522(d)(1) $5,000 of the debtor's interest in the real estate owned as tenant by the entirety.

*Ray v. Dawson,* 10 B.R. 680, 684 (Bankr.E. D.Tenn.1981), *aff'd,* 14 B.R. 822 (E.D.Tenn. 1981). Resnick and Finkel forewarned that:

> Although the application of Section 522(b)(2)(B) ... in the future is not certain yet, it is clear that the section does not apply at all when the debtor chooses the federal exemptions. The absence of such a provision exposes the debtor who elects the federal exemptions and the non-debtor spouse to the greatest risk of losing possession of the family house.

"A Tenant By The Entirety In Liquidation Under The Bankruptcy Code: When A House May Not Be A Home," 86 Com.L.J. 286, 290 (August/September 1981).

Accordingly, the court holds that § 363(h) is available to a trustee where the debtor's spouse is not in bankruptcy and the debtor elects the federal exemptions. Given that this matter is before the court only on a motion to dismiss, the court reserves the question whether the trustee can satisfy the specific requirements of § 363(h).

An appropriate order will be entered.