In re Joyce Wayne HANKINS, Debtor.

Jane B. FORBES, Trustee, Plaintiff,

v.

Joyce Wayne HANKINS, Byron H. Hankins, and Federal Land Bank, Defendants.

Bankruptcy No. 183–01255.
Adv. No. 183–0599.

United States Bankruptcy Court,
M.D. Tennessee.

June 27, 1985.

Bruce Peden, Columbia, Tenn., for debtor.

Jane B. Forbes, Franklin, Tenn., Trustee.

Robert H. Waldschmidt, Nashville, Tenn., for trustee.

## MEMORANDUM

GEORGE C. PAINE, II, Bankruptcy Judge.

This matter is before the court on cross motions for summary judgment. The plaintiff-trustee instituted this action, seeking to sell, pursuant to 11 U.S.C. 363(a) (West 1979), four parcels of land owned by the debtor and her husband as tenants by the entirety. The defendants assert that the property is exempt pursuant to 11 U.S.C. 522(b)(2)(B) (West 1979) and that the trustee has the right to sell only the debtor's survivorship interest in the properties. Upon consideration of affidavits, exhibits, briefs of the parties, and the entire record, the court concludes that the plaintiff's motion for summary judgment should be DENIED and the defendants' motion for summary judgment should be GRANTED.

The following shall represent findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure.

Upon consideration of the affidavits and exhibits submitted in this matter, the court is convinced that no genuine issue of material fact exists. The debtor, Joyce Hankins, filed a voluntary Chapter 7 petition on May 16, 1983. At the time the petition was filed, the debtor owned four parcels of property with her husband as tenants by the entireties. These parcels included a 216-acre tract containing a house in which the debtor and her husband resided; a 104-acre tract; a 44-acre tract; and a 35-acre

tract. On her Schedule B–4, the debtor listed a state homestead exemption of $5,000 in her home and lot.

The trustee asserts two arguments which this court has specifically rejected in two prior decisions. First, the trustee asserts that Tennessee state exemption laws do not preclude the trustee from selling the debtor's undivided interest in tenancy-by-the-entirety property. Second, the trustee asserts that the estate's ownership of the debtor's survivorship interest in tenancy-by-the-entirety property is sufficient to allow a sale of the entire property pursuant to 11 U.S.C. 363(h) (West 1979).

In *Waldschmidt v. Shaw*, 5 B.R. 107 (Bankr.M.D.Tenn.1980), this court held that a debtor's right to the use, possession, and income from tenancy-by-the-entirety property held with a non-debtor passed out of the bankruptcy estate pursuant to the "automatic" exemption allowed for under 11 U.S.C. 522(b)(2)(B) (West 1979). *See also, Waldschmidt v. Hamilton*, 32 B.R. 337, 339 (Bankr.M.D.Tenn.1983).

In the present case, the debtor, at the time of filing, owned four parcels of tenancy-by-the-entirety property with her non-debtor husband. Since Tennessee has opted out of the federal exemption scheme, the debtor is automatically entitled to exempt, under 11 U.S.C. 522(b)(2)(B) (West 1979), "any interest in property in which the debtor had, immediately before the commencement of the case, an interest as a tenant by the entirety ... to the extent that such interest ... is exempt from process under applicable nonbankruptcy law." "Under Tennessee law, an individual spouse may not convey, bequeath, or encumber his or her right to use, control, income, rents, profits, or possession of entireties property without the permission of the other spouse, and only the separate survivorship interest is subject to levy or sale by creditors of a single spouse." *Hamilton* at 339. *See Citizens & Southern National Bank v. Auer*, 640 F.2d 837, 839 (6th Cir.1981). Thus, the debtor's possessory interest in the entireties property is effectively immune from process under Tennessee state law and may not be sold by the trustee.

In *Shaw*, the court also dealt with the issue of whether the trustee's right to sell the debtor's survivorship interest in tenancy-by-the-entireties property enabled the trustee to sell the entire property pursuant to 11 U.S.C. 363(h) (West 1979). The court, in *Shaw*, noted that Tennessee law allowed for the separate alienation of a tenant-by-the-entireties' survivorship interest. *See In re Walls*, 45 B.R. 145 (Bankr. E.D.Tenn.1984). Since Section 363(h) provides only for the sale of the estate's "undivided interest" in property, *Shaw* held that a right of survivorship was not such an "undivided interest" and Section 363(h) did not apply. "The Congress did not intend to give a trustee for the estate of one spouse the rather drastic authority to sell the entire property unless the entire interest of the debtor spouse as tenant by the entirety is included in the estate." *Shaw* at 110. The trustee in this case may sell the survivorship interest in all four parcels of property, subject only to the homestead exemption the debtor has claimed in her house and lot. Since the survivorship interest may be sold separately, the trustee has no rights under Section 363(h) to sell the entire four parcels of property. Accordingly, the court hereby ORDERS, ADJUDGES, and DECREES that the trustee's motion for summary judgment is hereby DENIED and the defendants' motion for summary judgment is hereby GRANTED.

IT IS, THEREFORE, SO ORDERED.