**In re James Samuel CROWELL and Johnnie Louise Crowell, d/b/a Crowell's Market, Debtors.**

**Bankruptcy No. 183–03447.**

United States Bankruptcy Court, M.D. Tennessee.

Aug. 13, 1985.

Paul E. Jennings, Beth Roberts Derrick, Nashville, Tenn., for debtor.

Jane B. Forbes, Franklin, Tenn., Trustee and for trustee.

## MEMORANDUM

GEORGE C. PAINE, II, Bankruptcy Judge.

This matter is before the court on the Chapter 7 trustee's objection to supplemental schedules filed by the debtor, Johnnie Louise Crowell. The trustee asserts that the debtor is attempting to improperly exempt property held by tenancy in the entireties with her deceased husband, that she is improperly attempting to exempt life insurance benefits pursuant to TENN. CODE ANN. § 26–2–111(3) (1980), and that the debtor's supplemental schedules were not timely filed. The debtor responds that her husband's interest in the tenancy by the entirety property is not part of her bankruptcy estate, that the life insurance benefits are properly exempt, and that the supplemental schedules were timely filed. Upon consideration of stipulations of fact, briefs of the parties, and the entire record, the court holds that the trustee's objection to the debtor's exemption of tenancy by the entirety property is OVERRULED and the trustee's objection to the debtor's exemption of life insurance proceeds is SUSTAINED.

The following shall represent findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure.

The facts are undisputed. On December 20, 1983, the debtors, James Samuel Crowell, d/b/a Crowell's Market # 2 and Crowell's Auto Sales, and Johnnie Louise Crowell, filed a joint voluntary petition under Chapter 11 of the Bankruptcy Code. On January 16, 1984, the debtors voluntarily converted to Chapter 7 and an order and notice of conversion were entered by the court on January 17, 1984.

On March 26, 1984, James Samuel Crowell died. Johnnie Louise Crowell filed supplemental B–2 and B–4 schedules to her bankruptcy petition on May 11, 1984. In these schedules, Mrs. Crowell listed six assets she acquired as a result of her husband's death, claimed each asset as exempt, and filed a separate B–2 schedule specifically listing the life insurance benefits as exempt.[1]

The trustee argues that the properties held by the debtor as tenancy by the entirety did not become property of Mrs. Crowell's estate and must be administered through Mr. Crowell's estate as though a death had not occurred pursuant to Rule 1016 of the Federal Rules of Bankruptcy Procedure. In the alternative, the trustee asserts that the debtor, Johnnie Louise Crowell, has asserted exemptions over the amount she is allowed by Tennessee law. The debtor counters that any property which came into Mrs. Crowell's estate by inheritance is properly exempt under the stated statutes and that property owned by Mr. and Mrs. Crowell as tenants by the entirety property did not become part of Mrs. Crowell's estate, but passed to Mrs. Crowell from Mr. Crowell's estate by operation of law.

### I.

The first issue the court must address is the effect of Mr. Crowell's death on tenancy by the entirety property owned by Mr. and Mrs. Crowell on the date of the filing of their joint petition. To analyze this issue, the court must focus on the property interest held by the estates and the effect of Mr. Crowell's death on these interests.

At the time of filing, Mr. Crowell listed household furniture, a utility house, a riding lawnmower, and a tax refund as property owned jointly with his wife. The debtor has asserted that this property was personalty owned by Mr. and Mrs. Crowell as

1. The debtor's schedule listed the following supplemental assets and exemptions:

| Description: | Pertinent Statute: | Value: |
| --- | --- | --- |
| ½ interest—household furnishings | T.C.A. § 26–2–102 | $ 1,450 |
| ½ interest—utility house | T.C.A. § 26–2–102 | 100 |
| ½ interest—riding mower | T.C.A. § 26–2–102 | 50 |
| Cash | T.C.A. § 26–2–102 | 50 |
| Life insurance benefits | T.C.A. § 26–2–111(3) | 28,000 |
| Office Equipment | T.C.A. § 26–2–102 | 85 |
| ½ IRS refund | T.C.A. § 26–2–102 | 615 |

tenants by the entirety. Mr. Crowell exempted a one-half interest in each of these items.

In her original petition, Mrs. Crowell listed a joint interest in the same household goods, utility house, riding mower, and IRS refund as her husband. She listed a one-half interest in each of these items as exempt. After Mr. Crowell's death, the debtor submitted a supplemental schedule listing, as additional assets, one-half interest in each of these items.

The court notes that a "... tenancy by the entirety is created when a husband and wife take an estate to themselves jointly, and such will be presumed where words do not appear to the contrary...." *Hardin v. Chapman*, 36 Tenn.App. 343, 255 S.W.2d 707, 709 (1953). Since the principal applies to personal as well as real property, the court finds that the debtors did indeed own the property as tenants by the entirety. *See White v. Watson*, 571 S.W.2d 493 (Tenn.App.1978) ("[W]hen personalty is jointly acquired by husband and wife without limitations or conditions attached to it, it becomes entirety property with a right of survivorship.").

Since the property was held by Mr. and Mrs. Crowell as tenants by the entirety, the property interest of each estate was limited to a survivorship interest. *In re Walls*, 45 B.R. 145 (Bankr.E.D.Tenn.1984). The debtor's right to the use, possession, and income from this property passed out of his estate pursuant to the "automatic" exemption allowed under 11 U.S.C. § 522(b)(2)(B) (West 1979). *Waldschmidt v. Hamilton*, 32 B.R. 337, 339 (Bankr.M.D.Tenn.1983); *Waldschmidt v. Shaw*, 5 B.R. 107 (Bankr.M.D.Tenn.1980). Accordingly, the estates could sell only the debtors' survivorship interests in the property and keep any proceeds above the amount exempted.

The trustee asserts that the debtors' joint petition operated to substantively consolidate the estates and, accordingly, obviates any need to examine the effect of Mr. Crowell's death on the ownership interest of either estate. To determine the effect of a joint petition requires an examination of the property interests of each estate separately.

Under 11 U.S.C. § 302(a) (West 1979), a case is commenced with the filing of a single petition by an individual that may be a debtor and such individual's spouse. "Section 302 is designed for ease of administration and to permit the payment of only one filing fee.... but separate estates will exist for each debtor unless and until the court orders substantive consolidation of the estates." *In re Stuart*, 31 B.R. 18 (Bankr.D.Conn.1983). Rule 1015 of the Federal Rules of Bankruptcy Procedure provides that the court may order joint administration of a joint petition. In order to substantively consolidate the two estates under a joint petition, the court must make a determination pursuant to 11 U.S.C. § 302(b) (West 1979). The court has ordered neither joint administration nor consolidation in this bankruptcy proceeding. Accordingly, the court must treat the two estates separately in dealing with the property interests at issue and, to determine these interests, consider the effect of Mr. Crowell's death.

Since Rule 1016 of the Federal Rules of Bankruptcy Procedure provides that a Chapter 7 liquidation case shall be concluded in the same manner, so far as possible, as though the death of a debtor had not occurred, the trustee asserts that the death of Mr. Crowell has no legal effect on the title of any property held by his estate. The debtor, Mrs. Crowell, claims that Mr. Crowell's death automatically caused the tenancy by the entirety property to be vested in her and that Rule 1016 cannot alter this vesting of title.

Rule 1016 of the Federal Rules of Bankruptcy Procedure provides in relevant part that "... death or insanity of the debtor shall not abate a liquidation case under Chapter 7 of the Code. In such event, the estate shall be administered and the case concluded in the same manner, so far as possible, as though the death or insanity had not occurred." In dealing with this problem, the legislative history of 11 U.S.C.

§ 541 (West 1978) contains the following observations.

"Consequently, if the debtor dies during the case, only property exempted from property of the estate or acquired by the debtor after the commencement of the case and not included as property of the estate will be available to the representative of the debtor's probate estate. The bankruptcy proceeding will continue *in rem* with respect to property of the estate, and the discharge will apply *in personam* to relieve the debtor, and thus his probate representative, of liability from dischargeable debts."

S.Rep. No. 95–989, 95th Cong.2d Sess. 83 (1978), U.S.Code Cong. & Admin.News, 1978, pp. 5787, 5869. *See also In re Tyson,* 48 B.R. 412 (Bankr.C.D.Ill.1985).

The effect of Rule 1016 is to allow the continued administration of a Chapter 7 estate after the debtor's death. Since the estate has *in rem* property interests which are separate from the debtor's interest, such an administration may be continued post mortem without difficulty. However, to read this rule as allowing all property interests to continue in existence as though a debtor had not died would go beyond the scope of the rule, to change substantive law. Even though a debtor's death does not affect the vesting of property within the debtor's Chapter 7 bankruptcy estate, it cannot be ignored.

■ Since Mr. Crowell's estate owned only a survivorship interest in the property, his death defeated that interest. When a party holding property in a tenancy by the entirety dies, that party's interest in the property is terminated by operation of law, and the surviving party owns the property in fee. *Ray v. Dawson,* 10 B.R. 680 (Bankr.E.D.Tenn.1981); *United States v. Twenty Acres of Land,* 213 F.Supp. 808 (E.D.Tenn.1962). The land passes to the surviving spouse by operation of law under the deed and not by inheritance. *Dawson* at 682. Accordingly, Mr. Crowell's death did not divest his estate of his survivorship interest in the tenancy by the entirety property but caused that survivorship interest

to become valueless. *See In re Abdallah,* 39 B.R. 384 (Bankr.Ma.1984); *Hill v. Quinlan,* 12 B.R. 824 (Bankr.M.D.Ala.1981). *See also Hayes v. Schaffer,* 399 F.2d 300 (6th Cir.1968). *Contra In re Bachman,* 21 B.R. 849 (Bankr.W.D.Pa.1982).

Correlatively, upon Mr. Crowell's death, the survivorship interest held by Mrs. Crowell's estate ripened into a fee interest. Since the estate owned the survivorship interest, the fee title to each of these parcels of property became vested in Mrs. Crowell's estate, subject to Mrs. Crowell's exemptions. The property did not pass to Mrs. Crowell by inheritance and, therefore, need not be listed on a supplemental schedule.

## II.

The court, having determined the actual interests held by the two estates in this matter, must now focus on the exemptions claimed by the debtor, Mrs. Crowell. The issue before the court is when to value the tenancy by the entirety property. If the court values the property at the time of filing, the contingent survivorship interest would be worth considerably less than its present vested value.

■ In construing the exemption section of the Bankruptcy Code, one commentator makes the following observation. "When exemptions are claimed, ... the fact that the value of the property that the debtor seeks to exempt has changed since the filing of the petition will not affect the amount of such property that the debtor may exempt." L. KING, 3 COLLIER ON BANKRUPTCY § 522.03 at 522–16 (15th Ed.1985). This analysis is supported by the Code's definition of value in the exemption section as "... fair market value as of the date of the filing of the petition". 11 U.S.C. § 522(a)(2) (West 1979). This court finds that the value of exempt property must be determined upon the filing date or the date such property becomes property of the estate. *See In re Wiesner,* 39 B.R. 963, 965 (Bankr.W.D.Wis.1984); *In re Dvoroznak,* 38 B.R. 178, 182 (Bankr.E.D.N.Y.

1984); *Tarrant v. Spenard Builders Supply, Inc.*, 19 B.R. 360, 366 (Bankr.D.Alaska 1982); *In re Walters*, 14 B.R. 92, 95 (Bankr.S.D.W.V.1981).

██ The debtor held a survivorship interest in tenancy by the entirety property on the date her joint petition was filed. The value of the survivorship interest must be determined as of that date. The fact that her survivorship interest has ripened into a fee interest should not affect the valuation used to determine her exemption. Accordingly, the debtor is entitled to exempt the value of her survivorship interest in the personal property, determined on the date of filing.

### III.

██ The trustee has also objected to the debtor's exemption of life insurance proceeds pursuant to TENN.CODE ANN. § 26–2–111(3)(1980). The debtor admits that the life insurance proceeds are property of the estate, but asserts that they are exemptable as "payment in compensation of loss of future earnings...." TENN. CODE ANN. 26–2–111(3) (1980).

In relevant part, TENN.CODE ANN. 26–2–111(3)(1980) provides that "a payment in compensation of loss of future earnings of the debtor or an individual of whom the debtor is or was a dependent, to the extent reasonably necessary for the support of the debtor and any dependent of the debtor" is exempt. In an unpublished decision, this court has ruled that life insurance proceeds may not be exempted as payments for future earnings. "It is a cruel truth that a person who has died will not produce future earnings. Nevertheless, only a tortured reading of the statute will read in life insurance as 'payment in compensation of loss of future earnings'." *McLemore v. Huffines*, Case No. 283–00853, Adv.Proc. No. 284–0115, Slip Op. 6 (Bankr.M.D.Tenn., August 10, 1984), *aff'd.*, *McLemore v. Huffines*, Case No. 2–84–0178, (M.D.Tenn., January 25, 1985).

In *Huffines*, the court noted that the specific language of the statute expresses an intention to exempt only payments which compensate one for loss of future earnings. While life insurance may be designed to provide payment for loss of future earnings, it may also be designed for other purposes such as debt reduction, payment of specific expenses, payment to fund estates, and other reasons. Furthermore, the court found that since the Tennessee General Assembly had opted out of the federal exemption, which included exemption for life insurance proceeds, it must have specifically rejected such an exemption. *See* 11 U.S.C. § 522(d)(11)(C) (West 1979).

A further analysis of the statutory scheme implemented by the Tennessee General Assembly for dealing with the exemption of life insurance proceeds supports this court's decision in *Huffines*. Under TENN.CODE ANN. § 26–2–110 (1980), a debtor may exempt insurance proceeds which compensate for losses by reason of accidental personal injuries or physical disabilities. The Code also exempts life insurance proceeds from the claims of the insured's creditors under TENN.CODE ANN. § 56–7–201 (1980), *et seq.* Since the Tennessee Code deals with exemptions of life insurance in these specific situations, the court is convinced that the legislature did not intend TENN.CODE ANN. § 26–2–111(3) (1980) to allow a wholesale exemption of life insurance proceeds.

The court holds that the debtor may not exempt life insurance proceeds pursuant to TENN.CODE ANN. § 26–2–111(3) (1980). An appropriate order will be entered by the court.

IT IS, THEREFORE, SO ORDERED.